**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 10 2001**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

# UNITED STATES COURT OF APPEALS
# TENTH CIRCUIT

---

ANTHONY LOZANO,

      Plaintiff-Appellant,

v.

JOHN ASHCROFT, Attorney General, U.S.
Department of Justice; FEDERAL
BUREAU OF PRISONS; OFFICE OF
PERSONNEL MANAGEMENT,

      Defendants-Appellees.

No. 98-1474

---

Appeal from the United States District Court
for the District of Colorado
(D.C. No. 95-WM-2661)

---

Charlotte N. Sweeney (Richard C. LaFond with her on the briefs) of LaFond &
Sweeney, L.L.C., for Plaintiff-Appellant.

Michael E. Hegarty, Assistant United States Attorney (Thomas L. Strickland,
United States Attorney; and Stacey Ross, Assistant United States Attorney, with
him on the brief), Denver, Colorado, for Defendants-Appellees.

---

Before **SEYMOUR**, **McKAY** and **LUCERO**, Circuit Judges.

---

**SEYMOUR**, Circuit Judge.

Plaintiff Anthony Lozano appeals a judgment in favor of his former employer on claims of national origin employment discrimination. The Equal Employment Opportunity Commission (EEOC) found discrimination existed, but Mr. Lozano's employer, the Department of Justice (DOJ), officially rejected those findings. Mr. Lozano then brought this suit in district court, and the court determined he had not proven discrimination. On appeal, we hold the DOJ failed to provide admissible evidence that its rejection of the EEOC decision was timely. The EEOC decision was therefore binding, and accordingly we reverse the decision of the district court and remand with directions to enter judgment in favor of Mr. Lozano.

## I

Anthony Lozano was hired as a corrections officer for the Colorado Bureau of Prisons in late 1990. Shortly after beginning his employment, he received a series of harassing phone calls from a caller imitating a strong Mexican accent and speaking broken English. Mr. Lozano later learned these calls were made by his supervisor at the prison. He filed a complaint with the EEOC, and the supervisor was disciplined. Mr. Lozano alleges this led to a series of retaliatory actions, including one incident in which the supervisor told other officers not to respond to Mr. Lozano's body alarm during a confrontation with an inmate.

Several months later, Mr. Lozano was terminated from his job for failing to disclose information in his pre-employment security clearance questionnaire and "integrity interview." He was denied a chance to explain the application irregularities to the warden—a privilege routinely granted to other employees threatened with dismissal. Mr. Lozano filed a second complaint with the EEOC, alleging ethnic bias led to the termination and infected the review proceedings. He averred he had adequate explanations for his failure to include the information in his application, that he told the interviewer about the challenged facts during his interview, and that non-Hispanic employees who failed to disclose similar information were not terminated. The EEOC conducted a full evidentiary hearing before an administrative judge, who found in Mr. Lozano's favor on the discrimination claim and ordered injunctive and remunerative relief.

The EEOC issued an official decision and mailed it to both parties on September 29, 1993. Pursuant to 29 C.F.R. § 1614.109(g), the Department of Justice had sixty days from the date it received the decision to modify or reject the EEOC's discrimination findings.[1] The DOJ rejected the EEOC findings and

---

[1] 29 C.F.R. § 1614.109(g), as it existed when it controlled these events in 1993, read as follows:

> Within 60 days of receipt of the findings and conclusions, the [employing] agency may reject or modify the findings and conclusions or the relief ordered by the administrative judge and

(continued...)

denied relief on December 10, seventy-two days after the EEOC decision letter was mailed. The DOJ alleges it did not receive the EEOC findings until October 14, however, which would place its response within the allotted sixty-day window.

After receiving the DOJ's rejection letter, Mr. Lozano filed this action in federal district court. He moved for summary judgment, arguing the DOJ's rejection of the EEOC findings was not timely and thus the discrimination findings should be considered binding. In support, he submitted evidence that his own attorney received the EEOC decision letter on October 5. He argued the DOJ's claimed receipt date of October 14 was inherently unbelievable and contended that a presumption of five-day mailing time should be applied because the actual receipt date was unknown or disputed. He also filed a motion requesting the district court to take judicial notice of the EEOC's discrimination findings.

In response, the DOJ submitted evidence that it received the EEOC decision letter on October 14. It relied on a photocopy of the letter showing a partially

[1](...continued)
issue a final decision in accordance with § 1614.110. If an agency does not, within 60 days of receipt, reject or modify the findings and conclusions of the administrative judge, then the findings and conclusions of the administrative judge and the relief ordered shall become the final decision of the agency and the agency shall notify the complainant of the final decision in accordance with § 1614.110.

unintelligible date stamp from October 14 and a declaration by Joyce Carson, an employee of the DOJ Complaint Adjudication Office, stating that DOJ records showed the letter was received at its mail room on October 14. The referenced records were not attached to the declaration, and the declaration contained no foundational facts establishing its evidentiary admissibility. Mr. Lozano requested that the DOJ produce the original date-stamped copy of the EEOC decision, arguing the authenticity of the photocopy was in question. The attorney for the DOJ promised to obtain it. That original was never produced.

The court denied Mr. Lozano's motion for summary judgment, reserving its ruling on both the timeliness question and the motion to take judicial notice of the EEOC discrimination findings. The parties then tried the discrimination claim to the court. Neither party presented additional evidence on the timeliness issue. Before ruling on the merits, the court took judicial notice that the EEOC decision letter had been received at the DOJ on October 14, as shown by Joyce Carson's affidavit and the photocopy of the date-stamped decision. The court accordingly declined to take judicial notice of the discrimination findings made by the EEOC administrative judge. Turning to the merits, the court found Mr. Lozano had not established a discriminatory reason for his termination and granted judgment to the DOJ.

On appeal, Mr. Lozano argues the court erred in taking judicial notice of an October 14 receipt date because that date was in dispute. He contends the actual date of receipt was not proven at trial and thus a five-day mailing presumption should apply. Alternatively, he argues the court should have taken judicial notice of the EEOC's discrimination findings at trial.[2] After reviewing the evidence of receipt, we agree the DOJ's rejection was untimely and we reverse the decision of the district court.

## II

Mr. Lozano argues that, if the actual date of receipt of a mailed document is unknown or disputed, federal law will presume the document arrived at its destination within five days. He contends it is inherently unbelievable that the EEOC findings could have taken fifteen days to reach the DOJ and, since the actual receipt date was not proven at trial, a five-day presumption should apply. This timing question is pivotal: the sixty-day window for the DOJ to reject or modify the EEOC findings began when the DOJ received the decision letter. Because its rejection came seventy-two days after that letter was mailed, the rejection was untimely unless the letter took more than twelve days to reach the

---

[2] Because we resolve the case on grounds of timeliness, we do not address Mr. Lozano's second assertion regarding judicial notice of the EEOC findings.

DOJ. If the rejection was untimely, the EEOC discrimination findings and recommendations for remedy remain the definitive ruling on Mr. Lozano's claims.[3]

The DOJ counters that federal law does not provide for a presumption of mailing time. It further contends that, even if a five-day presumption were applied, it sufficiently rebutted that presumption by presenting evidence of the *actual* date of receipt. We review the district court's legal findings de novo and its factual findings for clear error. *See Pierce v. Underwood*, 487 U.S. 552, 558 (1988). The court's decision whether to take judicial notice of facts is reviewed for abuse of discretion. *See United States v. Wolny*, 133 F.3d 758, 764-65 (10th Cir. 1998).

The first question is whether, lacking evidence of an actual date of receipt, federal law presumes an EEOC decision was received within a certain time after it was mailed. Mr. Lozano contends the regulatory scheme for bringing discrimination claims against a federal agency includes a five-day presumption of receipt. He relies upon 29 C.F.R. § 1614.604(b), which provides that a complaint will be considered timely *filed* if, "in the absence of a legible postmark, it is received by mail within five days of the expiration of the applicable filing

---

[3] The DOJ does not dispute that an untimely rejection renders the EEOC administrative findings binding. *See* App. at 64.

period." We have found no precedent dealing with the particular facts of this case, i.e., delivery of an EEOC decision to a federal employer. However, courts routinely apply a presumption of receipt in the analogous situation of mailing EEOC right-to-sue letters to potential claimants. There, as here, the date of receipt is significant because a claimant must bring the action within ninety days of receiving the right-to-sue letter.

When the receipt date for an EEOC right-to-sue letter is unknown or disputed, federal courts have presumed various receipt dates ranging from three to seven days after the letter was mailed. *See, e.g., Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984) (presuming receipt three days after delivery based upon Fed. R. Civ. P. 6(e)[4]); *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999) (same); *Sherlock v. Montefiore Med. Montefiore Ctr.*, 84 F.3d 522, 525-26 (2d Cir. 1996) (finding three-day presumption rebutted); *Hunter v. Stephenson Roofing, Inc.*, 790 F.2d 472, 475 (6th Cir. 1986) (applying five-day presumption for social security right-to-sue letter, based upon 20 C.F.R. § 422.210(c) (1985)). *See also Rao v. Baker*, 898 F.2d 191, 195-96 (D.C. Cir. 1990) (explaining EEOC interprets "receipt . . . of final decision" to

---

[4] Rule 6(e) states that, "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served on the party by mail, [three] days shall be added to the prescribed period."

include "a rebuttable presumption that in all cases in which evidence of the actual date of receipt is lacking, the final agency decision will be deemed to have been received [five] days following the date of decision") (citing 44 Fed. Reg. 34,494 (1979)) (internal quotations and marks omitted).

Although this court has never explicitly addressed the issue of mailing time presumptions, we have implicitly sanctioned applying either a five-day or a three-day presumption. *See Witt v. Roadway Express*, 136 F.3d 1424, 1429-30 (10th Cir. 1998) (noting argument for five-day presumption and remanding to determine whether presumption rebutted); *Jarrett v. U.S. Sprint Comm. Co.*, 22 F.3d 256, 259 (10th Cir. 1994) (assuming three-day presumption of Fed.R.Civ.P. 6(e) applied). We see no reason why the delivery of an EEOC decision to an employing agency should be treated differently from delivery of a right-to-sue letter to a claimant. We therefore conclude that a presumption of receipt is appropriate whenever the actual receipt date is unknown or disputed. We need not decide whether the presumption should be three days or five, as resolution of that issue is unnecessary for disposition of this case. If the DOJ did not provide sufficient evidence to rebut the presumption of receipt, its rejection was untimely under either a three-day or a five-day standard.

The key question, then, is whether the DOJ successfully rebutted this presumption of delivery. Mr. Lozano argues the district court erred in taking

judicial notice of the October 14 date based on the evidence submitted by the DOJ. When the judge revisited the issue after trial, he stated that

> [t]he actual document does say October 14 on its stamp, and I do take judicial notice of the affidavit of Joyce Carson which is part of the file. Was not tendered to me as an exhibit, but her affidavit was that within their own records, the document was shown as having been filed on October 14.

App. vol. II at 592. He went on to explain that he did not find the October 14 date inherently unbelievable because mail service is sometimes slow. *Id*. at 592-93. He therefore held that any mailing-time presumption was rebutted by the DOJ's evidence regarding the actual date of receipt. *Id*. at 593.

On this record, however, we conclude it was not proper to take judicial notice that the DOJ received the EEOC findings on October 14. Judicial notice may be employed only if the facts in question are "not subject to reasonable dispute;" if, instead, they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b); *see also United States v. Burch*, 169 F.3d 666, 672 (10th Cir. 1999) (court would not take judicial notice of facts from photocopy and hearsay affidavit). Here, there was a genuine dispute over the accuracy of the receipt date. The court recognized this before the trial began, denying Mr. Lozano's summary judgment motion on the timeliness issue and stating that the court wished to hear more evidence concerning the date of receipt. No additional evidence "whose accuracy

cannot be questioned" was subsequently introduced. The authenticity of the October 14 date remained in question throughout the trial and was thus not a proper subject for judicial notice.

We need not remand this case for the trial court to determine whether the evidence presented by the DOJ was sufficient to rebut the mailing-time presumption. On the record before us, we conclude as a matter of law that it was not. There was no testimony presented at trial regarding the letter's date of receipt. Only two pieces of evidence were presented: the photocopy of the decision letter with a partially illegible date stamp showing the letter was received October 14, and the declaration from Joyce Carson stating that mailroom records reflected an October 14 receipt date. The DOJ never produced its original date-stamped version of EEOC letter, nor did it proffer the certified mail receipt or any other document which might show the actual date of receipt.

In considering the evidence in the record, we give no weight to the DOJ's photocopy of the date-stamped decision letter. Photocopies may be admitted into evidence only if there is no genuine question regarding the authenticity of the original, *see* Fed.R.Evid. 1003, and here there was genuine doubt surrounding the photocopy because the key information contained therein was barely legible.[5] The

_____

[5] Rule 1003 also cautions that a court should exclude a photocopy if "in the circumstances it would be unfair to admit the duplicate in lieu of the original."

(continued...)

original date-stamped document, which would have been admissible, was never produced. Furthermore, although we will not set a bright-line measure of the weight of evidence necessary to rebut a mailing-time presumption, we note that a date stamp, even a legible original version of a date stamp, may not be sufficient. The Second Circuit has rightly observed that date-of-receipt notations may be "self-serving" and requires further corroboration of that date by an affidavit or other admissible evidence. *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996).[6]

In determining the date of actual receipt, a court may rely upon affidavits stating personal knowledge of the receipt date. *See Witt*, 136 F.3d at 1429-30 (where document mailed on January 28, affidavit by claimant stating he received

---

[5](...continued)
We have affirmed exclusion of a photocopy based on this language where "the most critical part of the original . . . is not completely reproduced in the 'duplicate.'" *Amoco Prod. Co. v. United States*, 619 F.2d 1383, 1391 (10th Cir. 1980). This language and our interpretation of it provide further support for disregarding the photocopy of the date-stamped decision letter.

[6] The DOJ's December 10 letter rejecting the EEOC findings stated that "the Recommended Decision, hearing transcripts, and investigative file were received in the Complaint Adjudication Office" on October 14, 1993. While this letter was in evidence before the district court, the court gave no indication it considered this mention of the October 14 date in its analysis. We cannot know the basis for the date used in the letter—for example, it may have been taken from the partially illegible photocopy introduced at trial. As such, the letter's mention of October 14 was hearsay and the letter, too, was inadmissible to prove date of receipt. *See generally United States v. Cestnik*, 36 F.3d 904, 907-08 (10th Cir. 1994) (discussing standards for hearsay in business documents).

it mid-March sufficient to rebut five-day receipt presumption). The DOJ proffered a declaration by Joyce Carson, an employee in its Complaint Adjudication Office, stating that mailroom records reflected the DOJ received the EEOC decision letter on October 14. Ms. Carson's declaration was fatally deficient, however, in that it was based upon hearsay information in tracking records rather than her personal knowledge and copies of those records were not attached. *See* Fed.R.Civ.P. 56(e) ("Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto").

The DOJ was aware before trial that the actual date of receipt of the EEOC decision letter was contested and that it would carry the burden of proving that date of receipt. Nonetheless, it presented no admissible evidence or trial testimony regarding that actual date of receipt. Because the DOJ failed to carry its burden of rebutting the mailing-time presumption, we will presume the DOJ received the EEOC decision letter no more than five days after its September 29 mailing date. Consequently, the DOJ's rejection of the findings was made after the sixty-day deadline had already expired, and the EEOC discrimination findings and order of relief became final and binding upon both parties.

-13-

**III**

Accordingly, we **REVERSE** the decision of the district court and

**REMAND** so that judgment may be entered in favor of Mr. Lozano as directed by

the EEOC.