2006 OK CIV APP 77

Bonnie FORCUM, Plaintiff/Appellant,

v.

VIA CHRISTI HEALTH SYSTEM, INC., a Kansas Corporation, and Via Christi Oklahoma Regional Medical Center–Ponca City, Inc., f/k/a St. Joseph Regional Medical Center of Northern Oklahoma, Inc., an Oklahoma Corporation, Defendants/Appellees.

No. 101,742.

Court of Civil Appeals of Oklahoma, Division No. 3.

April 14, 2006.

Certiorari Denied June 12, 2006.

Jenny L. Evans, Jason D. Leonard, Jana B. Leonard, Leonard & Associates, P.L.L.C., Oklahoma City, OK, for Plaintiff/Appellant.

Lori L. Young, Baumert, Cummings, Hiatt & Young, Ponca City, OK, for Defendants/Appellees.

Opinion by BAY MITCHELL, Presiding Judge.

¶ 1 Plaintiff/Appellant Bonnie Forcum appeals from the trial court's order granting summary judgment to Defendants/Appellees Via Christi Health System, Inc. (Health System) and Via Christi Oklahoma Regional Medical Center–Ponca City, Inc., f/k/a St. Joseph Regional Medical Center of Northern Oklahoma Inc. (Medical Center) in this employment discrimination action. Forcum filed federal claims against the Defendants pursuant to the Americans with Disabilities Act of 1990(ADA), 42 U.S.C.A. § 12101, *et seq.*, the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. § 621 *et seq.*, and a state claim for age discrimination under the Oklahoma Anti–Discrimination Act, 25 O.S. 2001 § 1101, *et. seq.* The trial court found these claims were time-barred and determined the Health System was not a proper party. We affirm on the basis that Forcum's claims were time-barred, which makes the remaining issue moot.

¶ 2 We review the award of summary judgement *de novo,* giving no deference to the trial court's legal rulings. *Copeland v. Lodge Enters., Inc.,* 2000 OK 36, ¶ 8, 4 P.3d 695, 699 n. 11. Summary judgment is only appropriate when the pleadings, affidavits, depositions, admissions and other evidentiary materials establish there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.*

¶ 3 Forcum began her employment with the Medical Center in 1980 as a collections counselor. In the latter part of 1999, Forcum began to miss work due to her fibromyalgia. The Medical Center asked her physician to verify her condition and fill out a form stating whether she qualified for leave under the Family Medical Leave Act (FMLA). Forcum's physician and an independent physician verified that she had fibromyalgia. Forcum began taking intermittent leave under the FMLA in February of 2000. Forcum contends she was a good employee who had never received any disciplinary actions until she began taking family medical leave. However, she received several written disciplinary actions from the Medical Center the year she was placed on family medical leave. The Medical Center disciplined Forcum for systematically taking her leave near the weekends or holidays. They also disciplined her for having low productivity and poor customer service.

¶ 4 On January 10, 2001, the Medical Center notified Forcum that her position, along with the jobs of other collections counselors, would be outsourced to a collections agency. The Medical Center then terminated her employment on January 31, 2001. Forcum contends this reason was only pretextual, and she was actually terminated because of her disability and her age of 57. She asserts another woman who was under the age of 40 and did not have a disability continued to perform her job at the Medical Center. Forcum also contends the Medical Center again discriminated against her on the basis of her disability by failing to hire her for another position for which she was qualified on February 20, 2001.

¶ 5 Forcum mailed an information sheet to file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on August 9, 2001. The charge alleged disability and age discrimination. The EEOC did not find any violation and issued a Dismissal and Notice of Rights letter to Forcum on November 14, 2001, informing her that she had 90 days to file suit on her federal claims. Forcum filed her Petition against the Medical Center alleging a violation of the ADA on February 13, 2002, *91 days later.* Forcum then filed an Amended Petition on November 27, 2002, adding the Health System as a defendant, and adding causes of action for federal and state age discrimination.

■ ¶ 6 The Defendants contend all three of Forcum's claims are time-barred, and we agree. To be timely, actions for violations of both the ADA and the ADEA must be filed within 90 days of receipt of notice from the EEOC of dismissal of the charge. 42 U.S.C.A. § 12117 (ADA applies procedures from Title VII, 42 U.S.C.A. § 2000e–5(f), which requires that civil actions be brought within ninety days after EEOC gives notice of dismissal of action); 29 U.S.C.A § 626(e) (ADEA provides that a civil action may be brought within 90 days after receipt of notice). The ninety-day filing requirement is akin to a statute of limitations, and is subject to waiver, equitable estoppel, and equitable tolling. *E.g., Vollinger v. Merrill Lynch & Co., Inc.,* 198 F.Supp.2d 433, 440 (S.D.N.Y. 2002). However, "in the absence of a recognized equitable consideration the court cannot extend the limitations period *by even one day.*" *Rice v. New England College,* 676 F.2d 9, 11 (1st Cir.1982) (emphasis added) (dismissing Title VII action filed 91 days after receipt of notice).

¶ 7 Forcum stated in her Amended Petition that she "received notice that the EEOC had terminated its proceedings" on November 14, 2001, which was 91 days before she filed her petition. In their summary judgment statement of facts, Defendants alleged: "On November 14, 2001, Plaintiff received notice that the EEOC had terminated its proceeding on Plaintiff's charge." Significantly, *Forcum admitted this statement of fact* "for the purposes of this Motion only." Thus, Forcum admitted actual receipt of notice of the dismissal by the EEOC 91 days before she filed her petition.[1]

¶ 8 Forcum contends, however, that a presumption of mailing attaches that automatically adds three to five days to the 90–day time limit to file the petition. The Tenth Circuit has applied a presumption of mailing, but emphasized that this presumption "is appropriate whenever the actual receipt date is *unknown or disputed.*" *Lozano v. Ashcroft,* 258 F.3d 1160, 1165 (10th Cir.2001) (emphasis added). Several courts have held that when the plaintiff receives actual notice by other means, such as being told by an EEOC representative that a right-to-sue letter has been issued or their case has been dismissed, the ninety-day limitations period commences on that date, without regard to whether the letter is received at that time. *E.g., Hunter–Reed v. City of Houston,* 244 F.Supp.2d 733, 741–42 (S.D.Tex.2003); *Cook v. Providence Hosp.,* 820 F.2d 176, 179–80 (6th Cir.1987) (refusing to apply equitable tolling where plaintiff admitted actual receipt of notice by phoning EEOC that charge had been dismissed); *Garrison v. Town of Bethany,* 131 F.Supp.2d 585, 590–91 (D.Del.2001) (relying on date of actual receipt of notice of dismissal rather than date of receipt of written notice).

■ ¶ 9 We refuse to apply a presumption of mailing or any other equitable doctrine here because Forcum admitted actual receipt of notice that her proceeding had been dis-

---

1. In a later statement of fact, Defendants again alleged that Plaintiff had received notice from the EEOC that it had dismissed its proceeding on November 14, 2001 and notified Forcum that a civil action must be filed within 90 days. Forcum only admitted this statement of fact in part, stating a charging party is required to file suit within 90 days *of receipt.* Forcum did not clarify what part of this statement of fact was incorrect. Forcum never denied that she or her attorneys had actually received notice of the dismissal on November 14, 2001, as she had alleged in her amended petition and admitted in the summary judgment response. Further, Forcum did not assert any grounds for equitable tolling of this time limit or even explain why her Petition was untimely. This partial denial does not create a disputed question of fact or change her clear admission of actual receipt of notice.

charged, which began the 90–day time period. Forcum alleged November 14, 2001 was the specific date of receipt of notice in her own Amended Petition and then admitted receipt of notice on that date in her response to Defendants' motion for summary judgment. Because she filed her ADA and ADEA claims 91 days after actual receipt of notice, they are untimely and summary judgment was proper.

■ ¶ 10 We also find Forcum's claim for age discrimination under the Oklahoma Anti-Discrimination Act is time-barred. To be timely, 25 O.S.2001 § 1502 requires that a person claiming to be aggrieved by a discriminatory practice or his attorney must file a complaint with the Oklahoma Human Rights Commission (OHRC) within 180 days after the alleged discriminatory practice occurs. The only act Forcum asserted that violated the Oklahoma Anti–Discrimination Act on the basis of age was her termination, which occurred on January 31, 2001. However, she did not file her complaint with the OHRC and the EEOC until at least August 9, 2001, which was more than 180 days later.[2]

■ ¶ 11 Forcum argues the time period for filing the state age discrimination claim with the OHRC is not 180 days, but is instead 300 days because Oklahoma is a "deferral" state. In a deferral state where the plaintiff institutes a proceeding with a state agency, she obtains an extended 300–day period for filing federal claims with the EEOC. *Smith v. Oral Roberts Evangelistic Ass'n., Inc.,* 731 F.2d 684, 687 (10th Cir.1984). The state filing does not have to be timely to obtain the extended federal filing. *Id.* This holding is based on the premise that "state procedural defaults cannot foreclose federal relief and that state limitations periods cannot govern the efficacy of the federal remedy." *Id.* at 690 (quoting *Oscar Mayer v. Evans,* 441 U.S. 750, 762, 99 S.Ct. 2066, 2074, 60 L.Ed.2d 609 (1979)).

■ ¶ 12 Here, Forcum had the advantage of the extended 300–day period to file her federal claims with the EEOC even though her state claim was untimely. However, her state claim is barred by the 180–day filing period, and is not affected by the extended federal filing period. *E.g., Lottinger v. Shell Oil Co.,* 143 F.Supp.2d 743, 753 (S.D.Tex. 2001) ("State law claims of employment discrimination are time-barred when filed after the 180–day period, while the same claims brought under federal law would be timely if filed within 300 days of the alleged discriminatory conduct"); *see also Zysk v. FFE Minerals USA Inc.,* 225 F.Supp.2d 482, 494 (E.D.Pa.2001) (holding claimant extended federal filing period from 180 to 300 days by untimely state filing, but state claim was still barred by state's 180–day statute of limitations).

¶ 13 Summary judgment on Forcum's state claim was therefore proper [3] and the order granting judgment is accordingly AFFIRMED.

ADAMS, J., and BUETTNER, C.J., concur.

---

2. Forcum signed the formal charge of discrimination on September 13, 2001, and requested that the charge also be filed with the OHRC.

3. The parties did not brief the issue of whether there is a private cause of action for age discrimination under the Oklahoma Anti–Discrimination Act, and we do not give any opinion on this matter. Because we find the claim was not timely filed at the administrative level, it was not necessary to reach this issue.