2008 OK CIV APP 37

**Ellen Buckner SHACKELFORD, Plaintiff/Appellee,**

v.

**OKLAHOMA DEPARTMENT OF COR-RECTIONS, ex rel. STATE of Oklahoma, Defendant/Appellant,**

and

**Greg Province, in his individual and official capacity, Defendant.**

**No. 103,256.**

Court of Civil Appeals of Oklahoma, Division No. 3.

June 8, 2007.

As Corrected June 12, 2007.

Rehearing Denied July 10, 2007.

Certiorari Dismissed April 7, 2008.

Joseph E. Wolf, Oklahoma City, OK, for Plaintiff/Appellee.

Kevin L. McClure, Assistant Attorney General, Office of Attorney General, Oklahoma City, OK, for Defendant/Appellant.

OPINION

ADAMS, Judge.

¶1 The Department of Corrections (DOC) appeals a trial court judgment based on a jury's verdict in favor of Plaintiff Ellen Shackelford. The jury returned a verdict

finding in favor of Defendant Greg Province on Plaintiff's claim against him, but it returned a verdict finding in her favor on a handicap discrimination theory of relief against DOC, her former employer, as permitted by 25 O.S.2001 § 1901,[1] a part of Oklahoma's anti-discrimination statutes, 25 O.S.2001 §§ 1101, *et seq.* (the Act), and awarded damages of $1,250,000.00. The jury also found in favor of Plaintiff on her retaliatory discharge theory of relief under 85 O.S.Supp.2005 § 5, and awarded damages of $1.00.[2] In this appeal, DOC does not assert any error with regard to the latter award but, as to the first award, argues that the trial court lacked jurisdiction of any claim under the Act because Plaintiff failed to exhaust the administrative remedies required by the Act. We agree.

¶ 2 The trial court denied DOC's "failure to exhaust administrative remedies" argument, made at trial, in its motion for directed verdict and a new trial motion, concluding that failure to file a timely complaint under the Act was *not* a jurisdictional issue and that DOC had waived the affirmative defense of untimeliness of the complaint filed with the Equal Employment Opportunity Commission (EEOC). This decision was based on *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), in which the United States Supreme Court interpreted Congressional intent and held that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to a Title VII suit in federal court.

■■■ ¶ 3 Issues of jurisdiction are questions of law reviewable by a *de novo* standard without deference to the court below. *Elliott v. McCaleb,* 2006 OK CIV APP 87,

139 P.3d 253. We first note that this case does not involve a federal claim of discrimination, only a state claim under the Act. When interpreting § 1901 of the Act, the Court in *Atkinson v. Halliburton Co.,* 1995 OK 104, 905 P.2d 772, held that because the statute provides a private cause of action for handicap discrimination, when there is dissatisfaction with the outcome of the statutory procedures, a prerequisite to filing a tort claim alleging discharge from employment in violation of Oklahoma's public policy against handicap discrimination is exhaustion of the procedural requirements of the Act. It is a long established doctrine in Oklahoma that exhaustion of statutory remedies is a *jurisdictional* prerequisite for resort to the courts. *Martin v. Harrah Independent School District,* 1975 OK 154, 543 P.2d 1370. Jurisdiction is not dependent upon a person's consent or waiver, and a lack of subject matter jurisdiction results in dismissal. *Shaffer v. Jeffery,* 1996 OK 47, 915 P.2d 910.

■■ ¶ 4 To have a timely § 1901 charge of discrimination, § 1502(A) of the Act requires that a person claiming to be aggrieved by a discriminatory practice must file a written sworn complaint with the Oklahoma Human Rights Commission (OHRC) within 180 days *after* the alleged discriminatory practice occurs. *Forcum v. Via Christi Health System, Inc.,* 2006 OK CIV APP 77, 137 P.3d 1250. DOC discharged Plaintiff on June 12, 2000, and there is no evidence in the record to support any filing with OHRC within the 180-day period thereafter as required by § 1502(A).[3]

¶ 5 Because the trial court lacked jurisdiction of Plaintiff's theory of relief based upon

---

1. Section 1901(A) of the Act provides:
   If a charge for discrimination in employment on the basis of handicap is filed under [the Act] and is not resolved to the satisfaction of the charging party within one hundred eighty (180) days from the filing of such charge, the charging party may commence an action for redress ... in the district court of this state for the county in which the unlawful employment practice is alleged to have been committed.

2. Among other provisions, this section prohibits an employer from discharging an employee because the employee has pursued a workers' compensation claim.

3. The record demonstrates that Plaintiff signed an "Amended Charge" with the EEOC on May 8, 2001, which has two "RECEIVED" stamps on it, the first by EEOC on May 11, 2001, and the second by "Employee Rights and Relations Unit" on May 29, 2001. One section of the Amended Charge entitled "Date Discrimination Took Place" has typed under the word "Earliest"-"09/02/1999" and under "Latest"-"06/12/2000." Based on the latter date, Plaintiff had until December 11, 2000 to file a timely complaint with OHRC.

the Act, that portion of the trial court's judgment based thereon, in the amount of $1,250,000.00 must be reversed. In all other respects, the trial court's order is affirmed.

AFFIRMED IN PART, REVERSED IN PART.

JOPLIN, P.J., and MITCHELL, V.C.J., concur.