**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 23, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SOLOMON PANICKER,

     Plaintiff - Appellant,

v.

COMPASS GROUP U.S.A. INC., d/b/a
Eurest Dining Services,

     Defendant - Appellee.

No. 17-6049
(D.C. No. 5:15-CV-01034-M)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **McKAY** and **BALDOCK**, Circuit Judges.
_____

Pro se appellant Solomon Panicker challenges the district court's dismissal of

his Title VII case on statute-of-limitations grounds. Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

Panicker filed a charge of discrimination with the Equal Employment

Opportunity Commission (EEOC or Commission), claiming his former employer,

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Compass Group U.S.A. Inc. (Compass), discriminated against him because he is Asian and from India.  On February 12, 2014, the EEOC sent Panicker a "Dismissal and Notice of Rights" letter (right-to-sue letter), stating that the EEOC was "unable to conclude that the information obtained establishes violations of the statutes," and advising Panicker that he had the right to file a lawsuit against Compass based on federal law but had to do so "**WITHIN 90 DAYS** of [his] receipt of [the] notice." R. at 70.  As it turned out (and as he alleged in this action), Panicker never received the right-to-sue letter because the address on it was "116**8**6 S.W. 3rd," *id.* (emphasis added), but his address was 116**3**6 S.W. 3rd.  On June 4, 2014, the EEOC sent a letter to Panicker's correct address informing him that his case had been re-assigned to a different investigator.  Panicker wrote on the letter that he "checked with the office [and] they said the matter was dismissed on [sic] Feb."  R. at 98.  More than a year later, on July 16, 2015, Panicker submitted a request for disclosure of the EEOC's case file.  On September 16, 2015, the EEOC provided Panicker with the case file, which included a copy of the February 12, 2014 right-to-sue letter.

Five days later, on September 21, 2015, Panicker filed his complaint in the district court.  In the operative pleading (Panicker's Second Amended Complaint), he advanced a discrimination claim grounded in Title VII of the Civil Rights Act of 1964.  Compass moved to dismiss the Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Panicker's Title VII claim was untimely filed and that he was not entitled to equitable tolling.  Agreeing with both arguments, the district court granted the motion and dismissed the case.  Panicker

2

filed successive motions for a new trial under Federal Rule of Civil Procedure 59, which the district court denied. Panicker appeals.

## II. DISCUSSION

"We review de novo the dismissal of an action under Rule 12(b)(6) based on the statute of limitations." *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010). Under this standard, we "accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party." *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998). "We review the district court's refusal to apply equitable tolling for an abuse of discretion." *Braxton*, 614 F.3d at 1159 (internal quotation marks omitted). Because Panicker is proceeding pro se, we liberally construe his filings. *See id.*

In relevant part, Title VII requires the EEOC to "notify the person aggrieved" when it dismisses a charge. 42 U.S.C. § 2000e-5(f)(1). The "aggrieved person" then has "ninety days after the giving of such notice" to file a "civil action . . . against the respondent named in the charge." *Id.* This filing requirement "is not a jurisdictional prerequisite" but "a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling." *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995).

The district court determined that Panicker, "through no fault of his own," never received the right-to-sue letter that was mailed in February 2014. R. at 125. The court reasoned that "[b]ased upon the documents attached to [Panicker's] Second

3

Amended Complaint and his response to defendant's motion to dismiss, it appears that while [he] provided the EEOC with his correct address (11636 SW 3rd Street), the EEOC incorrectly (perhaps based on illegible handwriting) sent the right to sue notice to the incorrect address (11686 SW 3rd Street)." R. at 124 n.1. The court further posited that the June 4 letter, which was sent to Panicker at his correct address, could have misled Panicker into thinking his case was still active. But ultimately the court ruled that Panicker had filed his action "over one year after he was advised that his case had been dismissed," and that this advisement occurred "[a]fter receiving the June 4, 2014 letter," R. at 124.[1] Because Panicker did not file his civil action within ninety days of learning that his case had been dismissed but instead waited more than a year to next contact the EEOC, the court concluded that he was not entitled to equitable tolling.

We arrive at the same conclusion as the district court but via a different analytical route because we find no support for the determination that Panicker was without fault in the failure to receive the right-to-sue letter. Generally, when the EEOC mails a right-to-sue letter, "federal courts have presumed various receipt dates ranging from three to seven days after the letter was mailed." *Lozano v. Ashcroft*,

---

[1] In an apparent attempt to clarify this conclusion, the court stated in a footnote that "[c]onservatively, [Panicker] would have been advised no later than July 1, *2015*." R. at 125 n.2 (emphasis added). Viewed in context of the court's conclusion that Panicker had waited more than a year after being advised that his charge had been dismissed, the reference to "2015" was a typographical error—the court clearly thought Panicker had been informed shortly after receiving the June 4, 2014 letter and no later than July 1, *2014*.

4

258 F.3d 1160, 1164 (10th Cir. 2001) (collecting cases). Here however, Panicker does not dispute that the EEOC mailed the right-to-sue letter on February 12, 2014 (he alleged as much in his Second Amended Complaint), and Compass has not disputed his allegation that he never received the letter because it was sent to an incorrect address. The presumption of receipt is therefore not germane to our inquiry regarding timeliness. *See id.* (explaining that the presumption applies "[w]hen the receipt date for an EEOC right-to-sue letter is unknown or disputed"). We must instead assess the reason that Panicker did not receive the letter. For the reasons that follow, we agree with Compass that an aggrieved person cannot escape the consequences of nonreceipt when the failure to receive a right-to-sue letter is his own fault. *See Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005) (per curiam) ("Receipt is presumed when a complainant is unable to show that her failure to receive [a right-to-sue] letter was in no way her fault.").

As noted, the district court opined that based on the documents Panicker had attached to his Second Amended Complaint and his response to the dismissal motion, the EEOC's use of the incorrect address was perhaps due to illegible handwriting and therefore not Panicker's fault. But the only instance of a possibly illegible handwritten address we see in the referenced documents is on the request for disclosure of the EEOC's case file Panicker filed in July 2015. Because he submitted that request long after he filed his charge (in September 2013) and long after the EEOC sent the right-to-sue letter (in February 2014), that potentially illegible address could not form the basis of the EEOC's use of the incorrect address. Nor have we

5

uncovered any documentation elsewhere in the record that supports the district court's conclusion that Panicker did not receive the right-to-sue letter "through no fault of his own," R. at 125.

We are left, then, with the address on the charge itself, which was attached to his Second Amended Complaint. The charge is set forth on EEOC Form 5 and contains typewritten entries in various data fields. The "street address" listed is the incorrect "11686 S.W. 3rd" address. R. at 71. Although it is unknown whether Panicker completed the form himself, he indisputably signed the form as the charging party on his own behalf. By doing so he "declare[d] under penalty of perjury that the above"—which included the incorrect street address—"is true and correct." *Id.*

By declaring that the incorrect street address on the charge was "true and correct," Panicker provided the EEOC with faulty information. But he was obligated by regulation (as well as common sense) to give the EEOC his correct address. *See* 29 C.F.R. § 1601.7(a) ("The person making the charge . . . must provide the Commission with the name, address and telephone number of the person on whose behalf the charge is made."). As we explain, the EEOC therefore cannot be blamed for sending the right-to-sue letter to the address of record, which was incorrect.[2] Instead, Panicker must shoulder that blame, which undermines his reliance on equitable tolling.

---

[2] There is no indication in the district-court record or the parties' appellate briefs how the EEOC was able to send the June 4 letter to Panicker's correct address.

6

Equitable tolling is warranted in Title VII cases "only if the circumstances of the case rise to the level of active deception which might invoke the powers of equity to toll the limitations period." *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996) (internal quotation marks omitted). As more specifically applicable here, "equitable tolling may be appropriate where a plaintiff has been lulled into inaction by . . . federal agencies," has been "actively misled, or has in some extraordinary way been prevented from asserting his or her rights." *Id.* (internal quotation marks omitted).

The circumstances of Panicker's case do not fall into any of these categories. To the contrary, courts have declined to apply equitable tolling where the failure to receive a right-to-sue letter was due to the plaintiff's culpability in providing the EEOC with an incorrect address. For example, in *Maggio v. Wisconsin Avenue Psychiatric Center, Inc.*, 795 F.3d 57, 59–60 (D.C. Cir. 2015), the District of Columbia Circuit declined to apply equitable tolling to the failure to comply with the ninety-day rule because the plaintiff, who never received the right-to-sue notice, had provided the EEOC with a charge listing an address where he was no longer living, and he never notified the EEOC of his current address. And in *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380 (9th Cir. 1997), the plaintiff provided the EEOC with her parents' address even though she was not living there. The EEOC sent a right-to-sue letter by certified mail to that address, and the Postal Service left two notices stating that delivery had been attempted and that the letter was available at the post office for retrieval. The plaintiff's family members residing at that address did not inform the

7

plaintiff of the notices or attempt to retrieve the letter, and the Postal Service eventually returned it to the EEOC. The Ninth Circuit held "that the ninety-day period within which to file suit began running when delivery of the right-to-sue notice was attempted at the address of record with the EEOC" and declined to apply equitable tolling. *Id.* at 384–85.

We agree with this approach, as it conforms with our previously expressed view that a Title VII "plaintiff should be required to assume some minimum responsibility himself for an orderly and expeditious resolution of his dispute." *Million*, 47 F.3d at 388 (internal quotation marks omitted); *cf. St. Louis v. Alverno Coll.*, 744 F.2d 1314, 1317 (7th Cir. 1984) ("[C]laimants who do not receive actual knowledge of their right-to-sue letter *through no fault of their own* should not be penalized." (emphasis added)). Ensuring that the EEOC has the correct mailing address is easily characterized as falling within such minimum responsibilities. *See St. Louis*, 744 F.2d at 1316 ("The burden of providing the EEOC with changes of address is minimal.").

Panicker's failure to receive the right-to-sue letter was due to his declaration that the address on the charge he filed with the EEOC was correct when in fact it was not. Because that failure was attributable solely to him, we conclude that equitable tolling does not apply. Consequently, Panicker's complaint, filed more than a year after the expiration of the ninety-day filing period, was untimely.

Panicker argues that the June 4, 2014 letter informing him that his case was being reassigned to a new investigator voided the right-to-sue letter, Aplt. Opening Br. at 2, or cancelled, nullified, or rendered it and his right to sue "Null and Void," *id.* at 6. He offers no legal support for this argument, and we decline to perform the

8

research for him, *see Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005). He has therefore waived appellate review of this issue. *See id.* (explaining that failure to provide legal authority in support of an issue results in waiver of that issue).

Panicker also appears to take issue with the district court's denial of his two substantially identical Rule 59 motions for a new trial, which the court treated as motions to reconsider. In those motions, he argued that after receiving the June 4, 2014 letter, he had no contact with the EEOC until July 16, 2015, when he sought disclosure of his case file. He contended, as he does on appeal, that his action was timely because it was filed less than ninety days after that date. The district court found no grounds warranting reconsideration, concluding that even if Panicker did not learn his case had been dismissed shortly after receiving the June 4, 2014 letter, as suggested by the notation he made on that letter, his failure to contact the EEOC until July 16, 2015 showed that he did not exhibit the diligence required to merit equitable tolling. *See Barnes v. United States*, 776 F.3d 1134, 1150 (10th Cir. 2015) (listing plaintiff's diligent pursuit of his rights as an element of equitable tolling).

We review the denial of a Rule 59 motion for reconsideration for an abuse of discretion. *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010). Although we see no abuse of discretion in the district court's reasoning, we have concluded that Panicker was responsible for his failure to receive the right-to-sue letter and is therefore not entitled to equitable tolling. Consequently, the ninety-day period had already expired before he received the June 4, 2014 letter, and whether Panicker

9

contacted the EEOC shortly after receiving that letter, as the district court inferred, or not until July 16, 2015, more than a year later, is ultimately immaterial.

## CONCLUSION

The judgment of the district court is affirmed.

Entered for the Court

Bobby R. Baldock
Circuit Judge