**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**April 10, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

———————————————

EMIT BALL,

    Plaintiff - Appellant,

v.

WALMART INC.,

    Defendant - Appellee.

No. 25-5117
(D.C. No. 4:24-CV-00615-CVE-JFJ)
(N.D. Okla.)

———————————————

**ORDER AND JUDGMENT**[*]

———————————————

Before **BACHARACH**, **McHUGH**, and **ROSSMAN**, Circuit Judges.

———————————————

This appeal involves administrative exhaustion of a claim under

Title VII of the Civil Rights Act of 1964 and the Oklahoma Anti-

Discrimination Act. Under these statutes, an employee can sue only after

exhausting administrative remedies. *Jones v. Needham*, 856 F.3d 1284,

1289 (10th Cir. 2017) (Title VII); *Shackelford v. Okla. Dep't of Corr.*,

---

[*]　　Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

182 P.3d 167, 168 (Okla. Civ. App. 2007) (Oklahoma Anti-Discrimination Act). When an employee fails to timely exhaust these remedies, does the district court err in dismissing the action? We answer *no*.

The plaintiff, Mr. Emit Ball, worked at a Walmart store in Tulsa. He claims that coworkers mistreated him because

- he's Muslim and a Cherokee and

- he complained about the mistreatment.

He eventually quit and sued Walmart under Title VII and the Oklahoma Anti-Discrimination Act.

For the claims under Title VII, an administrative charge was due 300 days from the discriminatory act. 42 U.S.C. § 2000e-5(e)(1). The last possible discriminatory act would have been when Mr. Ball quit (April 26, 2023), and he filed the administrative charge more than 300 days later. So the district court properly dismissed the claim under Title VII. *See Jensen v. W. Jordan City*, 968 F.3d 1187, 1203 (10th Cir. 2020) (stating that a Title VII claim is time-barred when the claimant fails to file an administrative charge within 300 days).

Mr. Ball argues that he waited to file the administrative charge to protect his brother, who was continuing to work at Walmart. But Mr. Ball

2

forfeited this argument by failing to present it in district court. *See Ave. Cap. Mgmt. II, L.P. v. Schaden*, 843 F.3d 876, 884 (10th Cir. 2016).[1]

The deadline was even shorter (180 days) for exhaustion of the claim under the Oklahoma Anti-Discrimination Act. Okla. Stat. tit. 25, § 1350(B). So the district court properly dismissed this claim, too.

According to Mr. Ball, he had 2 years rather than 180 days. He says, for example, that Okla. Stat. tit. 25, § 1350(F) gives him 2 years. But the statute doesn't say that (or anything close). Mr. Ball also relies on an opinion that he calls *Saint Francis Hospital & Medical Center v. Doe*, 411 P.3d 1073 (Okla. Civ. App. 2018). Appellant's Opening Br. at 7 n.3, 13. But no such opinion exists.

Mr. Ball argues in the alternative that administrative exhaustion might have been timely if we were to recognize a continuing violation. But the alleged violation couldn't have continued after Mr. Ball quit. *See Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 614 (10th Cir. 1988) (explaining that when "the employment relationship ends . . . the reasons for allowing employees to claim a continuing discriminatory policy are removed"). So

---

[1] Mr. Ball says that he didn't understand the need to preserve this argument. Though his misunderstanding is unfortunate, we must apply our procedural rules to all litigants, regardless of whether they're pro se. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

administrative exhaustion would have been untimely even if we were to recognize a continuing violation.

Given the failure to timely exhaust the claims, we affirm the dismissal.

Entered for the Court

Robert E. Bacharach
Circuit Judge