**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARTHA E. PAYAN,
        *Plaintiff-Appellant,*

v.

ARAMARK MANAGEMENT SERVICES
LIMITED PARTNERSHIP, Aramark
Service Master Facility Services,
Inc., aka/Aramark Service Master
Facility Services, Inc.,
        *Defendant-Appellee.*

No. 05-15978

D.C. No.
CV-04-00002-SRB

OPINION

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted
October 20, 2006—San Francisco, California

Filed August 2, 2007

Before: Andrew J. Kleinfeld and Jay S. Bybee,
Circuit Judges, and Robert H. Whaley,* District Judge.

Opinion by Judge Bybee

---

*The Honorable Robert H. Whaley, United States District Judge for the
Eastern District of Washington, sitting by designation.

9241

## COUNSEL

Mark E. McKane, Kirkland & Ellis LLP, San Francisco, California, for the plaintiff-appellant.

Thomas L. Hudson, Esq., Meghan H. Grabel, Osborn Maledon PA, Phoenix, Arizona, for the defendant-appellee.

## OPINION

BYBEE, Circuit Judge:

Martha E. Payan ("Payan") appeals the district court's dismissal of her Title VII claims against Aramark Management Services L.P. ("Aramark"). This appeal turns upon one narrow and discrete issue—how to determine whether a Title VII action brought in district court after the receipt of an EEOC right-to-sue letter has been timely filed when the actual date of receipt by the litigant is unknown. Although we have addressed this question in a handful of previous cases, our earlier holdings fail to provide sufficient clarity to resolve the current case. Here, we seek to establish a coherent rule to

apply to Payan's case. Under that rule, we hold that in the absence of evidence of actual receipt, we will apply a three-day mailing presumption to determine notice of a right-to-sue letter. We conclude that Payan's claims are untimely and affirm the district court's decision granting summary judgment for Aramark.

I

Payan's term of employment with Aramark began on August 8, 2002, and ended on July 11, 2003, when she was terminated. On July 30, 2003, Payan submitted a charge of discrimination to the Equal Employment Opportunity Commission ("EEOC") asserting sex discrimination and retaliation against Aramark. The EEOC dismissed Payan's charge and issued a right-to-sue notice letter dated September 26, 2003.[1] As Payan noted in her opening brief, "[t]he actual date [Payan] received the notice is unknown." However, the fact of receipt itself is undisputed. Payan filed this lawsuit on January 2, 2004, ninety-eight days after the EEOC letter was issued, alleging claims for sexual harassment, retaliation, and discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII") and deprivation of civil rights under 42 U.S.C. § 1983 against Aramark.[2]

In response, Aramark filed a motion for summary judgment, contending that Payan's complaint was untimely because it was filed after the ninety-day period within which a litigant must file suit after receiving notice of dismissal from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). The district court concluded that Payan's complaint was untimely and granted Aramark's motion for summary judgment. This appeal followed.

---

[1]When presented with the notice letter at her deposition, Payan identified the letter and its date of September 26, 2003.

[2]The district court subsequently dismissed Payan's § 1983 claims.

## II

We review a district court's ruling that a Title VII action is barred by the statute of limitations de novo. *See Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1108-09, 1112 (9th Cir. 2003). We also review a district court's grant of summary judgment de novo. *See id.*

## III

**[1]** Title VII provides that upon dismissing a charge of discrimination, the EEOC must notify the claimant and inform her that she has ninety days to bring a civil action. *See* 42 U.S.C. § 2000e-5(f)(1) ("If a charge filed with the [EEOC] . . . is dismissed by the [EEOC], . . . the [EEOC or otherwise appropriate entity] shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought."). As we have previously explained, this ninety-day period operates as a limitations period. *See Scholar v. Pac. Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992). If a litigant does not file suit within ninety days "[of] the date EEOC dismisses a claim," then the action is time-barred. *Id.* Therefore, ascertaining the date on which the limitations period begins is crucial to determining whether an action was timely filed.

**[2]** We measure the start of the limitations period from the date on which a right-to-sue notice letter arrived at the claimant's address of record. *See Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384 (9th Cir. 1997); *Scholar*, 963 F.2d at 267. Where that date is known, we will deem the claimant to have received notice on that date, regardless of whether the claimant personally saw the right-to-sue letter. *See Nelmida*, 112 F.3d at 384 (measuring the limitations period from the post office's first attempted delivery at the claimant's address); *Scholar*, 963 F.2d at 267 (calculating the ninety-day period from the date on which the EEOC letter was "received and signed for by [the petitioner's] daughter").

Here, Payan does not dispute having received the letter, but does not claim to know when the letter arrived at her address of record. As Payan noted in her opening brief, "[t]he actual date [Payan] received the notice is unknown." In her deposition, Payan suggested that "[the letter] could have been delayed" and that "[she'd] gotten mail that'[d] been delayed before . . . [s]ometimes about a week." However, she does not claim to know when the letter was delivered to her address of record.

**[3]** Where the date of actual receipt is unknown, we will estimate that date based on the date of EEOC disposition and issuance of notice, with some compensation for mailing time. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 & n.1 (1984) (per curiam); *Ortez v. Wash. County*, 88 F.3d 804, 807 (9th Cir. 1996) (approximating notice based on when the EEOC letter was apparently mailed). In accordance with that logic, the district court here used the issuance date of the EEOC letter, September 26, 2003, as a starting date, and presumed receipt of the letter at Payan's address of record three days later.

Payan maintains that the district court erred in basing its presumption on the EEOC letter issuance date without requiring Aramark to prove the circumstances of mailing, including proper address and postage. Payan offers two alternative arguments in this regard. First, Payan asserts that as the non-moving party, she is entitled to have all evidence construed in her favor. She claims that by not requiring Aramark to prove the circumstances of mailing, the district court erroneously construed these material facts against Payan. Second, Payan argues that Aramark had the burden to prove that the statute of limitations had expired, as an affirmative defense, and failed to meet that burden by not establishing the circumstances of mailing. Payan maintains that, for either reason, necessary predicate facts were not established to justify the district court's presumption.

**[4]** Payan's arguments are unsupported by law. Where the actual date of receipt is unknown but receipt itself is not disputed, we have not demanded proof of actual receipt but have applied a presumption to approximate receipt. *See Ortez v. Wash. County*, 88 F.3d 804, 807 (9th Cir. 1996). Payan is correct that because the statute of limitations is an affirmative defense, the defendant bears the burden of proving that the plaintiff filed beyond the limitations period. *See Tovar v. U.S.P.S.*, 3 F.3d 1271, 1284 (9th Cir. 1993) ("In every civil case, the defendant bears the burden of proof as to each element of an affirmative defense."); *Wyatt v. Terhune*, 315 F.3d 1108, 1117-18 (9th Cir. 2003) ("[I]t is well-settled that statutes of limitations are affirmative defenses, not pleading requirements."). *See also Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 108 (3d Cir. 2003) (holding that the burden to prove expiration of statute of limitations, as an affirmative defense, rests on the employer); *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997); *Donnelly v. Yellow Freight Sys., Inc.*, 874 F.2d 402, 411 (7th Cir. 1989) (stating that the defendant has burden of proof regarding its affirmative defenses in Title VII actions).[3] Contrary to Payan's argument, however, the defendant may do so by raising the limitations defense and providing sufficient evidence to support the presumption. Here, Aramark has raised the defense and offered proof of the right-to-sue letter. Thus, the undisputed facts established in Payan's case are that the EEOC issued a right-to-sue notice letter to Payan on September 26, 2003, that the EEOC mailed the letter to Payan's address of record, and that Payan received the notice letter at this address. From that basis, we must calculate Payan's date of receipt.

---

[3]We note that our holding diverges from the Eleventh Circuit, which holds that, if contested by defendant, the plaintiff must demonstrate filing within the 90-day limitations period. *See Green v. Union Foundry Co.*, 281 F.3d 1229, 1233-34 (11th Cir. 2002) ("[F]or [a claimant] to maintain his Title VII claims . . . , he has the initial burden of establishing that he filed his Complaint within ninety days of his receipt of the EEOC's right-to-sue letter."); *see also Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005).

**[5]** We begin with the presumption that the letter issuance date is also the date on which the letter was mailed. *See id.*; *see also Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 & n.1 (1984) (per curiam); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379-80 (5th Cir. 2002); *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 238-39 (3d Cir. 1999); *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525-26 (2d Cir. 1996); *Jarrett v. U.S. Sprint Commc'ns Co.*, 22 F.3d 256, 259 (10th Cir. 1994); *Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324, 326 (6th Cir. 1988). While occasionally courts may have more evidence surrounding the facts of mailing, *see, e.g.*, *Nelmida*, 112 F.3d at 382 (describing the "envelope containing the original right-to-sue notice"), we know of no rule requiring such proof. Indeed, in *Baldwin*, the Supreme Court based its mailing date on the letter issuance date, without additional proof. *See* 466 U.S. at 148 & n.1 ("A notice of right to sue was issued to [the petitioner] on January 27, 1981."). Other federal courts have done the same. *See, e.g.*, *Taylor*, 296 F.3d at 380 (noting that "[t]he EEOC issued a right-to-sue letter on September 29, 2000" and calculating the limitations based on that date); *Sherlock*, 84 F.3d at 526 ("[N]ormally it may be assumed, in the absence of challenge, that a notice provided by a government agency has been mailed on the date shown on the notice." (referring to *Baldwin*, 466 U.S. at 148 & n. 1)); *Coleman v. Potomac Elec. Power Co.*, 310 F. Supp. 2d 154, 158 (D. D.C. 2004), *affirmed* 2004 WL 2348144 (D.C. Cir. 2004) (per curiam) ("The presumed date of a party's receipt of a right-to-sue letter from the EEOC is three days after issuance."). This practice also accords with that in other federal areas, *see, e.g.*, 20 C.F.R. § 422.210(c) ("[T]he date of receipt of notice . . . shall be presumed to be 5 days after the date of such notice."), to which courts have analogized in the EEOC context, *see, e.g.*, *Hunter v. Stephenson Roofing, Inc.*, 790 F.2d 472, 475 (6th Cir. 1986) (relying on § 422.210(c) to support a five-day mailing presumption). The cases Payan cites to suggest that courts have required additional proof involved claims where

the fact of receipt was disputed, not—as here—where the issue is the timing of receipt.[4]

These assumptions may be rebutted with evidence to the contrary. *See infra* at 9254-55. As a initial matter, however, the district court here properly used the issuance date of September 26, 2003, as presumptive evidence of the mailing date.

IV

**[6]** Having established the mailing date, we next calculate Payan's receipt of her right-to-sue notice. In *Baldwin*, the Supreme Court presumed, without discussion, that a right-to-sue letter was received three days after its issuance date. *See* 466 U.S. at 148 & n.1 (citing Fed. R. Civ. P. 6(e)). While instructive, *Baldwin* may not settle the issue. Some courts have not adhered to a three-day rule, perhaps viewing *Baldwin* as setting only a minimum allowance for mailing time, *see, e.g.*, *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 n.9 (6th Cir. 2000) ("The Sixth Circuit allots two days for postal delivery of a [right-to-sue] notice beyond the three day period allowed by Federal Rule of Civil Procedure 6(e)." (referring to *Baldwin*, 466 U.S. at 148 n.1)), or interpreting *Baldwin* as establishing no holding whatsoever as to mailing time, *see, e.g.*, *Carrasco v. City of Monterey Park*, 18 F. Supp. 2d 1072, 1076 (C.D. Cal. 1998)

---

[4]In the cases cited by Payan, claimants sought to prove (or disprove) the fact of mailing. *See, e.g.*, *Busquets-Ivars v. Ashcroft*, 333 F.3d 1008, 1009-10 (9th Cir. 2003) (finding an incorrect zip code sufficient proof of improper mailing to dispute that receipt occurred); *Schikore v. BankAmerica Supp'l Ret't Plan*, 269 F.3d 956, 963-64 (9th Cir. 2001) (accepting a sworn statement that claimant mailed the requisite form sufficient proof to presume receipt). This question implicates the mailbox rule, a long-established principle which presumes that, upon a showing of predicate facts that a communication was sent, the communication reached its destination in regular time. *See Rosenthal v. Walker*, 111 U.S. 185, 193 (1884). However, the mailbox rule applies only where the fact of receipt is disputed. It is inapplicable here, where Payan acknowledges she received the right-to-sue letter.

("*Baldwin* made no holding, however, as to the time period in which a letter should be presumed to arrive."). In addition, one court has treated *Baldwin* as establishing a presumption, but without deciding whether the presumption may be rebutted. *See Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996) (citing *Baldwin*, 466 U.S. at 148 & n.1, 150 n.4).

Our cases similarly do not resolve the question of approximating receipt in Payan's case. It appears that in one case we used the issuance date as the receipt date. *See Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1444-45 (9th Cir. 1990) (concluding that the petitioner "recei[ved] her right to sue letter on August 14, 1986" where "the [EEOC] issued a right to sue letter on August 14, 1986"). In another case we found timely an action filed 94 days after the EEOC letter was apparently mailed. *See Ortez v. Wash. County*, 88 F.3d 804, 807 (9th Cir. 1996). Neither case establishes a rule that clearly governs Payan's case. The issue in *Edwards* was whether an amended complaint related back to a timely filed complaint. *See Edwards*, 892 F.2d at 1446-47. Because the court found that it did, *id.* at 1447, the court's approximated receipt date of the second complaint was irrelevant to court's central holding and thus may reflect some inexactness. And in *Ortez*, the defendants did not object to the late filing where the letter was issued on a Friday and the 90-day period, with an allowance for Friday, then ended on a weekend. *See Ortez*, 88 F.3d at 807.

**[7]** With no clearly applicable rule in our own precedent, we may look to other federal courts for insight. Most courts, including the Supreme Court, have presumed a receipt date of three days after EEOC letter issuance. *See, e.g.*, *Baldwin*, 466 U.S. at 148 n.1; *Seitzinger*, 165 F.3d at 238-39; *Sherlock*, 84 F.3d at 525-26; *Jarrett*, 22 F.3d at 259. At least one court, the Sixth Circuit, has used a five-day presumption. *See, e.g.*, *Banks*, 855 F.2d at 326.[5] In addition, some courts have sug-

---

[5]At least two district courts in our circuit have also applied a five-day presumption, apparently under the authority of *Nelmida v. Shelly Euro-*

gested, though not applied, a seven-day presumption. *See, e.g.*, *Taylor*, 296 F.3d at 379 (noting that courts have presumed receipt dates ranging from three to seven days after mailing); *Lozano v. Ashcroft*, 258 F.3d 1160, 1164 (10th Cir. 2001) (same); *Carrasco*, 18 F. Supp. 2d at 1076 (same); *Ellison v. Northwest Airlines*, 938 F. Supp. 1503, 1509 (D. Haw. 1996) ("The [c]ourt need not decide however whether 3, 5 or 7 days is the appropriate period of time, although it finds that the appropriate period should be no greater than 7 days.").

The choice of a three-, five-, or seven-day presumption is critical here. As the district court noted, Payan's claim would have been untimely under either a three- or five-day rule. The EEOC issued a right-to-sue letter on September 26, 2003, and mailed the letter to Payan's address of record. Under a three-day rule, we would presume Payan received the right-to-sue letter on, or prior to, September 29, 2003. Because ninety days after that date was December 28, 2003, a Sunday, Federal Rule of Civil Procedure 6(a) extends the ninety-day period to December 29, 2003. *See* Fed. R. Civ. P. 6(a); *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002) (apply-

---

*cars, Inc.*, 112 F.3d 380 (9th Cir. 1997). *See Stimson v. Potter*, 2006 WL 449133, at *3 (N.D. Cal. 2006); *Carrasco v. City of Monterey Park*, 18 F. Supp. 2d 1072, 1076 (C.D. Cal. 1998). One district court characterized *Nelmida* as "not[ing] the applicability of the five-day period in dicta" and adopted a five-day presumption on that basis. *Carrasco*, 18 F. Supp. 2d at 1076. Another district court then applied the five-day presumption without any discussion or explanation. *See Stimson*, 2006 WL 449133, at *3.

It would be erroneous to read our decision in *Nelmida* as establishing a five-day presumption. In *Nelmida*, the post office had attempted to deliver the right-to-sue letter and left several notices for pick up, but when unclaimed, the post office returned the letter to the EEOC. *See* 112 F.3d at 384. We concluded that the ninety-day limitations period begins to run when "delivery of the right-to-sue notice was attempted at the address of record." *Id.* Although we discussed other courts' approaches to receipt issues, *see id.* at 383-84, this discussion was dicta. The *Nelmida* Court did not apply a mailing presumption; indeed, such a presumption was unnecessary given the facts of the case.

ing Rule 6(a) in the § 1983 context); *Hart v. United States*, 817 F.2d 78, 80 (9th Cir. 1987) (applying Rule 6(a) to a claim brought under the Federal Tort Claims Act). Under a five-day rule, the presumed date of receipt would be October 1, 2003. Ninety days after that date would be December 30, 2003. However, Payan did not file suit until January 2, 2004. Therefore, Payan's claim would have been untimely under either rule. By contrast, Payan's claim would be timely under a seven-day rule. Under a seven-day rule, we would presume that Payan received the right-to-sue letter on, or prior to, October 3, 2003. Ninety days after that date would be January 1, 2004, a holiday, which Rule 6(a) would extend to January 2, 2004, the date on which Payan filed suit. *See* FED. R. CIV. P. 6(a).

**[8]** We adopt the three-day presumption. The three-day presumption accords with Federal Rule of Civil Procedure 6(e), which provides that "[w]henever a party must or may act within a prescribed period after service and service is made [by mail], 3 days are added after the prescribed period would otherwise expire." FED. R. CIV. P. 6(e); *see also Baldwin*, 466 U.S. at 148 n.1 (citing Rule 6(e)); *Seitzinger*, 165 F.3d at 239 (same). This rule is well-known, and is reasonable in this context as in other aspects of civil litigation. The five-day presumption has been explained as according with 20 C.F.R. § 422.210(c) (provision of Social Security Act presuming receipt of notice five days after the date of a denial or a decision), *see Hunter v. Stephenson Roofing, Inc.*, 790 F.2d 472, 475 (6th Cir. 1986), and alternatively, as an additional two-day allotment beyond the mailing time allowed in Rule 6(e), *see Graham-Humphreys*, 209 F.3d at 557 n. 9 (referring to *Baldwin*, 466 U.S. at 148 n.1). We see no basis for adopting such a presumption in this context. And although courts have suggested the possibility of a seven-day rule, we can find no articulated reason for allowing seven days for mailing.[6] Based

---

[6]The seven-day rule may have originated in *Roush v. Kartridge Pak Co.*, 838 F. Supp. 1328, 1335 (S.D. Iowa 1993), in which the defendants

on the Supreme Court's use of the three-day presumption in *Baldwin*, its adoption by an overwhelming number of circuits, and its basis in Federal Rule of Civil Procedure 6(e), we adopt the three-day presumption as the governing standard for this circuit.

**[9]** This presumption—that the plaintiff received the right-to-sue letter by the date presumed under a three-day rule—is a rebuttable one. *See, e.g.*, *Issa v. Comp USA*, 354 F.3d 1174, 1178-79 (10th Cir. 2003); *Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 108 n.5 (3d Cir. 2003); *Green v. Union Foundry Co.*, 281 F.3d 1229, 1234 (11th Cir. 2002); *Lozano v. Ashcroft*, 258 F.3d 1160, 1165-67 (10th Cir. 2001); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557-58 (6th Cir. 2000); *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996); *Coleman v. Potomac Elec. Power Co.*, 310 F. Supp. 2d 154, 158 (D. D.C. 2004), *affirmed*, 2004 WL 2348144 (D.C. Cir. 2004) (per curiam). In reviewing whether the presumption has been rebutted, courts look for evidence suggesting that receipt was delayed beyond the presumed period. *See Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005) (adding that the events causing delay must be "in no way [a complainant's] fault"). The Second Circuit, for example, found that "[i]f a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail, the initial presumption is not dispositive." *Sherlock*, 84 F.3d at 526 (noting evidence of a copy of the letter with "stamps indicat[ing] the timing of [the petitioner's] own receipt of the letter," but

argued that the plaintiff filed well beyond what even a seven-day presumption would allow. *See McNeill v. Atchison, Topeka & Santa Fe Ry. Co.*, 878 F. Supp. 986, 990 (S.D. Tex. 1995) (citing *Roush*); *Ellison*, 938 F. Supp. at 1509 (citing *Roush*). The courts of appeals that have referred to a seven-day presumption have offered no source for the rule. *See Taylor*, 296 F.3d at 379; *Lozano*, 258 F.3d at 1164-65.

rejecting that "self-serving" evidence as insufficient without additional support such as an affidavit from the petitioner). However, general claims that mail is sometimes delayed will not be sufficient to rebut the presumption. We have all experienced mail delays on occasion; but a general claim of occasional delay is not sufficient to prove that a particular letter was not delivered on time. Rather, to rebut a mailing presumption, the plaintiff must show that she did not receive the EEOC's right-to-sue letter in the ordinary course.

[10] Here, Payan has offered insufficient evidence to rebut the three-day presumption. Although Payan suggested that "[the notice letter] could have been delayed" and that "[she'd] gotten mail that'[d] been delayed before . . . [s]ometimes about a week," none of these comments are sufficiently definite, without corroborating evidence, to conclude that the right-to-sue letter arrived more than three days after issuance by the EEOC. Payan also suggested that "[m]any reasonable and logical reasons exist[ ] why . . . the EEOC may not have mailed the right-to-sue notice until [after] September 29." However, Payan's unsupported conjectures are insufficient to suggest delayed receipt. *Accord Cook v. Providence Hosp.*, 820 F.2d 176, 178-179 & n.3 (6th Cir. 1987) ("[The petitioner's] denials are not sufficient to support a reasonable conclusion that the letter was not received."). Lastly, Payan has proffered that she can "produce a witness that will testify that the delivery of mail is not always within 3 days . . . and will show mail that was delivered (1) month after being sent out." Such evidence, however, shows nothing with respect to the receipt of the right-to-sue letter specifically, nor does it suggest a routine mail failure that necessarily would affect the right-to-sue letter. Without sufficient evidence to the contrary from Payan, we presume that the right-to-sue notice arrived at Payan's address of record in accordance with the three-day rule.

[11] Payan, therefore, had until December 29, 2003 to file her complaint. Because Payan did not file her complaint until

January 2, 2004, three days beyond the ninety-day period, the district court properly dismissed her claims as untimely. Payan's pro se status does not afford her different treatment under these standards. *See Baldwin*, 466 U.S. 147 (dismissing a pro se Title VII complaint filed outside of limitations).

V

For those reasons, we affirm the district court's decision granting summary judgment for Aramark on Payan's claims.

**AFFIRMED.**