MEMORANDUM **
Fang-Yuh Hsieh appeals pro se from the district court’s summary judgment in his action alleging discrimination, retalia *297 tion, and harassment in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act (“ADEA”). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court’s grant of summary judgment and determination that certain claims are time-barred, Payan v. Aramark Mgmt. Servs. Ltd. P’ship, 495 F.3d 1119, 1121 (9th Cir.2007), and we affirm.
The district court properly determined that Hsieh’s discrimination and retaliation claims based on his 2002 termination, and his harassment claim, were time-barred because he did not file this action within 90 days of receiving the right-to-sue letter. See 42 U.S.C. § 2000e-6ffl(l); 29 U.S.C. § 626(e). The district court did not abuse its discretion by declining to apply equitable tolling or equitable estoppel because Hsieh failed to establish grounds warranting such relief from the 90-day time limit. See Santa Maria v. Pac. Bell, 202 F.3d 1170, 1175-79 (9th Cir.2000) (setting forth standard of review and discussing equitable tolling and equitable estoppel).
The district court properly granted summary judgment on Hsieh’s discrimination and retaliation claims based on the Department of Veterans Affairs’ (“VA”) decisions to promote Surai ThaneemitChen to a mathematical statistician position, and not to interview Hsieh for a statistical programmer position, because Hsieh failed to raise a triable issue as to whether the VA’s proffered reasons for those actions were pretexts. See Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1105-08 (9th Cir.2008) (affirming summary judgment for employer on claims of disparate treatment and retaliation where plaintiff failed to raise a triable issue that employer’s explanation for its conduct was pretextual).
Regarding Hsieh’s claim alleging that the VA failed to pay him for work he allegedly performed following his termination, to the extent this is a claim under Title VII or the ADEA, it is time-barred because Hsieh failed to contact an Equal Employment Opportunity counselor within 45 days of the adverse action. See 29 C.F.R. § 1614.105(a)(1). To the extent it is a claim under another statute or based on common law principles, summary judgment was proper because Hsieh failed to raise a triable issue as to whether he had performed work for which the VA had a duty to pay him. See Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (setting forth summary judgment standard for a nonmoving party).
The district court did not abuse its discretion by denying Hsieh’s request for a continuance under Federal Rule of Civil Procedure 56(f) because he failed to make the required showing. See Baker v. Adventist Health, Inc., 260 F.3d 987, 996 (9th Cir.2001) (“To merit a continuance for additional discovery under Rule 56(f), the party opposing summary judgment must file an affidavit specifying the facts that would be developed through further discovery.”).
The district court did not abuse its discretion by denying Hsieh’s request for sanctions on the ground that the request did not comply with local rules. See Avery Dennison Corp. v. Allendale Mwt. Ins. Co., 310 F.3d 1114, 1117 (9th Cir.2002) (per curiam) (stating standard of review); Delange v. Dutra Constr. Co., Inc., 183 F.3d 916, 919 n. 2 (9th Cir.1999) (per curiam) (“District courts have broad discretion in interpreting and applying their local rules.”).
Hsieh’s remaining contentions are unpersuasive.
*298 Hsieh’s motion to supplement the record on appeal is granted. The Clerk shall file the deposition transcript received on July 10, 2009.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.