# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 26, 2010

No. 09-60303
Summary Calendar

Charles R. Fulbruge III
Clerk

LINDA STOKES,

Plaintiff - Appellant

v.

DOLGENCORP, INC., doing business as Dollar General,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:08-cv-00219-NBB-JAD

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Linda Stokes ("Stokes") filed suit against her former employer, Defendant-appellee Dolgencorp, Inc., d/b/a Dollar General ("Dollar General"), alleging discrimination on the basis of her sex in violation of Title VII

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60303

of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"). The district court granted Dolgencorp's motion to dismiss. We AFFIRM.

## I. BACKGROUND

Stokes was employed by Dollar General as a retail Store Manager in Columbus, Mississippi. On June 29, 2006, she was suspended pending an investigation into incorrect payroll submissions. On August 8, 2006, Stokes filed a complaint with the Equal Employment Opportunity Commission ("EEOC") in Jackson, Mississippi, alleging disparate treatment on the basis of sex in violation of Title VII and unequal pay on the basis of sex in violation of Title VII and the Equal Pay Act, 29 U.S.C. § 206. Her employment was terminated on August 11, 2006 for falsifying records in violation of company policy.

Stokes received two documents from the EEOC regarding her claims. On February 27, 2008, the EEOC issued a determination ("Determination") stating, in relevant part,

> The evidence obtained in the investigation is insufficient to sustain Charging Party's sex based claim of disparate terms and conditions of employment. However, available evidence establishes reasonable cause to believe that Charging Party and other female managers . . . were discriminated against in violation of Title VII . . . and the Equal Pay Act as they generally were paid less than similarly situated male managers . . . .
>
> * * * *
>
> This determination and dismissal concludes the processing of this charge. *This letter will be the only notice of dismissal of the no cause issue and the only notice of the Charging Party's right to sue sent by the Commission.* Following this dismissal, the Charging Party may only pursue the no cause issue by filing suit against the respondent(s) named in the charge within 90 days of receipt of this letter. Otherwise, the Charging Party's right to sue will be lost.

(emphasis added). While the Determination was dated February 27, 2008, there is no indication as to the date it was mailed. The EEOC then investigated

No. 09-60303

Stokes's unequal pay claim. Accordingly, Stokes also received, under separate cover, a Notice of Right to Sue, with the subheading "(Conciliation Failure)," which stated, in relevant part:

> This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case.
>
> * * * *
>
> **Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act**: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. . . .
>
> **Equal Pay Act (EPA)**: EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. . . .

(emphasis in the original). The "Date Mailed" field lists April 7, 2008.

On June 24, 2008, Stokes filed suit, alleging Title VII disparate treatment.[1] Dollar General moved to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) or, alternatively, for summary judgment pursuant to Rule 56, on the ground that Stokes did not timely file her suit. On January 9, 2009, Stokes replied to Dollar General's motion. She simultaneously filed a

---

[1] The action was filed in the Northern District of Alabama and transferred to the Northern District of Mississippi on August 26, 2008. Initially, Dollar General moved to dismiss Stokes's complaint based on improper venue. In the venue transfer order, the motion to dismiss was denied.

No. 09-60303

motion to amend her complaint to allege retaliatory discharge in violation of the Fair Labor Standards Act ("FLSA") based on her participation in an FLSA collective action filed against Dollar General in the Northern District of Alabama.[2]

On March 26, 2009, the district court granted Dollar General's motion to dismiss, citing Stokes's claims as time-barred, and dismissed the case with prejudice. The district court did not address or rule on Stokes's motion to amend. Stokes timely filed this appeal.

## II. ANALYSIS

### A.    Motion to Dismiss

Dollar General filed a motion to dismiss or, in the alternative, a motion for summary judgment. Stokes argues that the district court improperly granted the motion.

### 1. *Standard of Review*

Because the district court relied on documents outside the complaint, the motion should have been construed as one for summary judgment. *See* FED. R. CIV. P. 12(d). Accordingly, we review de novo, applying summary judgment principles. *Noble Energy, Inc. v. Bituminous Cas. Co.*, 529 F.3d 642, 645 (5th Cir. 2008). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the burden of demonstrating that there are no genuine issues of material fact in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). We view "the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the

---

[2] Stokes filed a consent to opt into that action on August 24, 2006, and a declaration in support of the action on September 28, 2006.

nonmovant's favor." *Riverwood Int'l Corp. v. Employers Ins. of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005) (citation omitted).

## 2. *Title VII 90-Day Filing Period*

Title VII claims must be filed within 90 days of a plaintiff's receipt of the notice of right to sue or the action will be dismissed. 42 U.S.C. § 2000e-5(f)(1); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002), *cert. denied*, 537 U.S. 1200 (2003). The 90-day statutory period is strictly construed. *Id.* Further, the 90-day period begins to run "on the date the EEOC right-to-sue is delivered to the offices of formally designated counsel or the claimant." *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986). When the plaintiff does not assert that she received her notice on a specific date, we may presume that she received it between three and seven days after it was mailed. *Taylor*, 296 F.3d at 379.

The district court correctly dismissed the claim as untimely. Stokes's conclusory allegation that her complaint was filed timely[3] is insufficient to preclude dismissal. *Id.* Stokes asserts in an unsworn affidavit in response to Dollar General's motion to dismiss that she cannot recall the date she received the Determination. Therefore, we must determine the date that the notice was mailed in order to calculate the receipt date.

We may presume that the date of issuance is the date of mailing. *See id.*; *see also Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1123 (9th Cir. 2007) ("We begin with the presumption that the letter issuance date is also the date on which the letter was mailed.") (citing *Taylor*). The Determination is dated February 27, 2008. Assuming it was mailed on that date, and received up to seven days later, Stokes would have received the Determination no later

---

[3] Stokes alleges in her complaint she "filed her sex discrimination lawsuit within . . . ninety (90) days from the receipt of her right-to-sue letter from the EEOC," but fails to state a specific date upon which she received the letter.

than March 5, 2008. Stokes's complaint was filed June 24, 2008, more than 90 days later. Therefore, the district court properly dismissed the complaint as untimely.

Stokes's argument that Dollar General provides no evidence of when the Determination was mailed is unavailing, as it is not required to present this evidence. *See Payan*, 495 F.3d at 1123 (noting that where the timing of receipt is disputed, additional proof of mailing is not necessary).

Stokes also contends, incorrectly, that the 90-day period runs from her receipt of the Notice, with a mailing date of April 7, 2008. The Determination dated February 27, 2008, however, specifically states that it is "the only notice of dismissal *of the no cause issue* and the only notice of the Charging Party's right to sue sent by the Commission." The "no cause issue" referred to is Stokes's Title VII disparate treatment claim, the basis of her initial complaint. Accordingly, the 90-day filing period began to run from the date Stokes received the Determination, not the Notice.

*3. Equitable Tolling*

Stokes further asserts that equitable tolling should apply to the 90-day period. As plaintiff, Stokes bears the burden of demonstrating the basis for tolling the limitations period. *Ramirez v. City of San Antonio*, 312 F.3d 178, 184 (5th Cir. 2002). We have identified three potential bases for equitable tolling of the 90-day limitations period: (1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights. *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 880 (5th Cir. 2003). Stokes alleges that the third basis applies.

In an unsworn affidavit filed with her reply to Dollar General's motion to dismiss, Stokes states that after she received the Determination, she was led to

believe that the EEOC was in the process of determining whether to file a lawsuit on her behalf regarding her termination and pay discrimination claims.[4] She also states that she was led to believe that she did not need to act to file either of her claims until she received notice from the EEOC regarding whether it would file an action. Finally, she states that based on her conversation with the EEOC investigator, she did not pursue her claims until she received the Notice dated April 7, 2008. On this basis, Stokes claims, equitable tolling should apply.

We disagree. As the district court correctly noted, the plain language of the Determination states that Stokes "may only pursue the no cause issue by filing suit . . . within 90 days of receipt . . . Otherwise, [her] right to sue will be lost." Stokes, therefore, was on notice that the 90-day period commenced upon her receipt of the Determination. *See St. Louis v. Tex. Worker's Comp. Comm'n*, 65 F.3d 43, 47 (5th Cir. 1995) (noting that one criteria to consider regarding equitable tolling is whether the EEOC provided adequate notice of the complainant's right to sue) (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)). Moreover, her unsworn affidavit provides no information regarding the details of her conversation with the EEOC investigator or whether Stokes questioned the investigator regarding the unequivocal language of the Determination. The evidence is insufficient to meet Stokes's burden, and equitable tolling does not apply. *Cf. Ramirez*, 312 F.3d at 184-85 (holding that based on the little information plaintiff provided, the court could not conclude that the EEOC affirmatively misled him); *see also Conaway v. Control Data Corp.*, 955 F.2d 358, 362-63 (5th Cir. 1992) ("Allowing a plaintiff equitably to toll a time limitation based on incomplete information provided in a telephone conversation would create a great potential for abuse."). Even if we accept

---

[4] Stokes's charge alleged disparate treatment and pay discrimination, and was filed before her employment was terminated.

No. 09-60303

Stokes's argument that she was unclear about her right to sue until receiving the Notice (with a mailing date of April 7, 2008), once she did receive it, she did not act promptly; instead, she still waited 78 days from the date of that letter to file her lawsuit. Stokes's claims were correctly dismissed.

### B. Motion to Amend

Finally, Stokes argues that the district court erred in dismissing her claims without first ruling on her motion to amend. We review the district court's decision to grant or deny a motion to amend for abuse of discretion. *Ayanbadejo v. Chertoff*, 517 F.3d 273, 276 (5th Cir. 2008). The district court failed to rule on Stokes's motion to amend that she filed simultaneously with her response to Dollar General's motion to dismiss. The entry of its order dismissing the claims, however, was an implicit denial of any outstanding motions. *See Tollett v. City of Kemah*, 285 F.3d 357, 369 n.* (5th Cir. 2002).

Under Federal Rule of Civil Procedure 15(a), pleadings may be amended once as a matter of course before a responsive pleading is served, and thereafter by leave of court. *See* FED. R. CIV. P. 15(a). Moreover, the "court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "[I]f the district court lacks a 'substantial reason' to deny leave, its discretion 'is not broad enough to permit denial." *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

While the district court should have expressly addressed the motion and listed reasons for denying or granting the motion, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), the well-developed record demonstrates that Stokes's amendment would have been futile to her claims. *See id.* (noting futility as a reason to deny leave to amend); *see also Halbert v. City of Sherman, Tex.*, 33 F.3d 526, 529-30 (5th Cir. 1994) (concluding that based on a well-developed record that plaintiff's claim would fail as a matter of law, remand to allow leave to amend was not required). Stokes's amended complaint would have alleged

8

No. 09-60303

FLSA retaliatory discharge based on her participation in an FLSA collective action filed against Dollar General in the Northern District of Alabama. To prove FLSA retaliatory discharge, Stokes would have to establish participation in a protected activity under the FLSA, an adverse employment action, and a causal link between the two. *See Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 624 (5th Cir. 2008). However, Stokes was terminated on August 11, 2006, and she filed a consent to opt into the FLSA collective action on August 24, 2006. Therefore, she could not establish the causal connection between her termination and her participation in the FLSA collective action.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's ruling.