**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RHONDA WILKINSON,

    Plaintiff - Appellant,

v.

CLARK COUNTY SCHOOL DISTRICT,

    Defendant - Appellee.

No. 11-15032

D.C. No. 2:10-cv-01561-JCM-RJJ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted June 26, 2012[**]

Before: SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Rhonda Wilkinson appeals pro se from the district court's judgment

dismissing without prejudice her action against the Clark County School District

for employment retaliation and racial discrimination. We have jurisdiction under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review the district court's order de novo, *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004), and we affirm.

The district court properly dismissed Wilkinson's retaliation claim related to her May 2007 performance evaluation because it was time barred. *See Payan v. Aramark Mgm't Servs. L.P.*, 495 F.3d 1119, 1121 (9th Cir. 2007) ("If a litigant does not file suit within ninety day '[of] the date EEOC dismisses a claim,' then the action is time barred." (citation omitted)).

Dismissal of Wilkinson's retaliation claim related to her October 2007 grievance hearing was proper because her allegations were insufficient to state a claim. *See Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) (in order to state a retaliation claim, plaintiff must allege an adverse employment action); *Nunez v. City of Los Angeles*, 147 F.3d 867, 875 (9th Cir. 2000) (harsh words or threats do not constitute a materially adverse employment action); *see also Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001) ("We can affirm the district court's dismissal for failure to state a claim on any basis fairly supported by the record.").

The district court properly dismissed Wilkinson's retaliation claim related to the remaining factual allegation for failure to exhaust her administrative remedies. *See Brown v. Puget Sound Elec. Apprenticeship & Training Trust*, 732 F.2d 726,

730 (9th Cir. 1984) (Title VII plaintiffs must exhaust administrative remedies, and courts may only consider incidents not listed in the original EEOC charge if they are "'like or reasonably related to the allegation of the EEOC charge'" (citation omitted)).

The district court also properly dismissed Wilkinson's 42 U.S.C. § 1981 claim because Wilkinson failed to allege that she was discriminated against on account of her race or ethnicity. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1123 (9th Cir. 2008) ("§ 1981 creates a cause of action only for those discriminated against on account of their race or ethnicity").

**AFFIRMED.**