
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFREY MARTIN SCHULMAN, | No. 12-17561 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01494-RCJ-GWF |
| v. | |
| WYNN LAS VEGAS, LLC; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted February 9, 2015[**]
San Francisco California

Before: NOONAN and SILVERMAN, Circuit Judges, and HUCK, Senior District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Paul C. Huck, Senior District Judge for the U.S. District Court for Southern Florida, sitting by designation.

Jeffery Shulman appeals the district court's judgment dismissing as time-barred his employment discrimination action against Wynn Las Vegas, LLC et al. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

We review de novo a district court's dismissal on statute of limitations grounds. *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007). We also review de novo a district court's grant of summary judgment, viewing the evidence in the light most favorable to the non-moving party. *Douglas v. California Dep't of Youth Auth.*, 271 F.3d 812, 822 (9th Cir.), *amended* 271 F.3d 910 (9th Cir. 2001).

The district court's sua sponte consideration of Wynn's motion to dismiss as a motion for summary judgment was not reversible error. A district court may grant summary judgment sua sponte, Fed. R. Civ. P. 56(f), so long as the parties are given notice and an opportunity to present new evidence, or the losing party has been given a "full and fair opportunity to ventilate the issues in the motion." *United States v. Grayson*, 879 F.2d 620, 625 (9th Cir. 1989). Here, Schulman was given sufficient notice because Wynn's motion to dismiss alerted him to the statute of limitations issue. *See id*. Further, he was given an opportunity to fully ventilate the timeliness issue because he filed a response to Wynn's motion, which the district court considered. *See Grove v. Mead Sch. Dist. No. 354*, 753 F.2d 1528,

2

1533 (9th Cir. 1985). Schulman has not identified any other argument or evidence he would have presented if the district court had given him notice of its intention to decide the case on summary judgment. Thus, reversal for this reason is not warranted.

However, the district court committed reversible error in ruling that Schulman failed to sue within ninety days of his receiving the Equal Employment Opportunity Commission ("EEOC") right-to-sue letter. Regardless of whether the date of receipt was "known," Schulman's sworn affidavit sufficed to rebut the three-day delivery presumption and to create a genuine issue of material fact. *See Payan*, 495 F.3d at 1126. The district court failed to provide sufficient reason to disbelieve Schulman's testimony that he checks his mailbox daily; that he received the EEOC letter on May 24, 2012; that he documented the date of receipt; and that he delivered a copy of the letter to his attorney and informed him of the date of receipt. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (explaining that at the summary judgment stage, "[t]he evidence of the non-movant is to be believed").

**REVERSED.**