NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERENDIRA RANGEL-PALACIOS, | No. 17-56258 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00872-AJB-BLM |
| v. | |
| SWEETWATER UNION HIGH SCHOOL DISTRICT, a public entity, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted March 13, 2018[**]

Before:      LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Erendira Rangel-Palacios appeals pro se from the district court's judgment

dismissing her action alleging Title VII claims.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo.  *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir.

2010) (dismissal based on Fed. R. Civ. P. 12(b)(6)); *Jones v. Blanas*, 393 F.3d 918,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

926 (9th Cir. 2004) (dismissal based on the applicable statute of limitations).  We may affirm on any basis supported by the record.  *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008).  We affirm.

The district court properly dismissed Rangel-Palacios's Title VII claim concerning allegations in her 2015 Equal Employment Opportunity Commission ("EEOC") charge as barred by the applicable statute of limitations, and Rangel-Palacios failed to allege facts sufficient to show that equitable tolling applies.  *See* 42 U.S.C. § 2000e-5(e)(1) (Title VII complainant must file EEOC charge no later than 180 days, or authorized state or local agency charge no later than 300 days, after alleged unlawful practice occurred); *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) (explaining that equitable tolling is warranted "when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time").

Dismissal of Rangel-Palacios's Title VII claim concerning allegations in her 2013 EEOC charge was proper because Rangel-Palacios failed to file this action within ninety days of receiving a right-to-sue letter.  *See Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121-22 (9th Cir. 2007) (Title VII action must be commenced within ninety days of issuance of the right to sue letter).

We do not consider documents not presented to the district court. *See*

*United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not

presented to the district court are not part of the record on appeal.").

**AFFIRMED.**