# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| CORRINA MARKLEY,<br><br>                    Appellant,<br><br>         v.<br><br>CITY OF SEATTLE, a municipality,<br><br>                    Respondent. | No. 84191-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

ANDRUS, C.J. — Corrina Markley appeals the trial court's order dismissing with prejudice her claims against the City of Seattle (City) for fraud and employment discrimination under CR 12(b)(6). On appeal she concedes that her discrimination claim was time-barred, but argues the trial court erred in dismissing her fraud claim. We conclude the trial court did not err in dismissing Markley's fraud claim, but erred in doing so with prejudice. We affirm in part, reverse in part, and remand to the trial court to enter an order of dismissal of the fraud claim without prejudice.

## FACTS

Corrina Markley was employed by Seattle City Light from June 2011 until June 2016. She alleges that in 2014, she began experiencing physical symptoms that impacted her ability to work and requested a reasonable accommodation of

Citations and pin cites are based on the Westlaw online version of the cited material.

one day per week of telecommuting from her home, which her employer granted. Markley alleges that this accommodation made her the subject of bullying and harassment in the workplace, which in turn exacerbated her symptoms and forced her to take unpaid medical leave beginning in December 2014. Markley filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC) under the Americans with Disabilities Act of 1990 (ADA)[1] in January 2015. A month later, the EEOC dismissed the charge and issued a letter notifying Markley of her right to file a lawsuit based on the charge. Markley filed a tort claim against the City for disability discrimination in May 2015. She did not initiate a lawsuit at that time.

Markley filed another discrimination charge with the EEOC in February 2016. The EEOC again dismissed the charge and provided a right to sue letter. Markley resigned from her position at Seattle City Light on July 1, 2016. Again, Markley did not initiate a lawsuit against Seattle City Light in response to this right to sue letter.

Markley filed a third discrimination charge with the EEOC in August 2016, alleging disability discrimination, hostile work environment, harassment, and constructive discharge. The EEOC, for a third time, dismissed the charge. As with the other two dismissals, the EEOC's letter contained a section clearly entitled "NOTICE OF SUIT RIGHTS," stating that "You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or

---

[1] 42 U.S.C. §§ 12101 et seq.

your right to sue based on this charge will be lost." (Emphasis in original.) And again, Markley did not bring suit within this 90-day period.

Markley did file notices of tort claims for damages against the City in September 2016, alleging she was "medically separated from [her] employer due to hostile work environment." She filed several other similar claims against the City in subsequent years.

On February 11, 2022, Markley filed this lawsuit against the City, alleging fraud and employment discrimination. Markley's complaint did not specify whether the discrimination charge was brought under the federal ADA or the state Washington Law Against Discrimination (WLAD).[2] As the basis of the fraud claim, Markley alleged the City "defrauded" her out of the discrimination charge she filed with the EEOC in August 2016. As relief, Markley sought an award of damages in the amount of $26 million.

The City moved to dismiss the claims with prejudice under CR 12(b)(6), arguing that Markley's discrimination claim is time-barred under both the ADA and WLAD and that she failed to state a claim for fraud. The trial court granted the motion with prejudice, and Markley appeals.

ANALYSIS

On appeal, Markley concedes that her discrimination claim is time-barred,[3] explaining "[t]his case is solely a fraud claim" and that the discrimination claim is

---

[2] Chapter 49.60 RCW.

[3] As Markley apparently admits, the trial court clearly did not err in dismissing the discrimination claim under the statute of limitations. Under the ADA, a claimant has 90 days to bring suit after the receipt of the EEOC's notice of dismissal and right to sue. 42 U.S.C. § 2000e-5(f)(1); *Payan v. Aramark Mgmt. Servs. Ltd.*, 495 F.3d 1119, 1121 (9th Cir. 2007) ("If a litigant does not file suit within ninety days of the date EEOC dismisses a claim, then the action is time-barred"). And claims brought under WLAD are subject to the three-year statute of limitations contained in RCW

simply one element of her claim for fraud. She argues that the City violated RCW 9A.60.030 and committed fraud when it attained her signature on her July 1, 2016 resignation form through alleged deception and duress. She argues that she did not discover the alleged fraud until October 2019.

We review a trial court's ruling to dismiss a claim under CR 12 (b)(6) de novo. *Tenore v. AT & T Wireless Servs.*, 136 Wn.2d 322, 329–30, 962 P.2d 104 (1998). Dismissal is warranted only if the court concludes, beyond a reasonable doubt, the plaintiff cannot prove "any set of facts which would justify recovery." *Id.* The court presumes all facts alleged in the plaintiff's complaint are true and may consider hypothetical facts supporting the plaintiff's claims. *Id.* However, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." CR 9(b).

The complaining party must allege specific fraudulent acts and plead both the elements and circumstances of fraudulent conduct. *Haberman v. Wash. Pub. Power Supply Sys.*, 109 Wn.2d 107, 165, 744 P.2d 1032 (1987). To determine whether allegations of fraud satisfy CR 9(b), we consider only the complaint, and not additional allegations made in the briefs. *Id.* A complaint adequately alleges fraud if it informs the defendant of who did what, and describes the fraudulent conduct and mechanisms. *Id.*

---

4.16.080(2). *Antonius v. King County*, 153 Wn.2d 256, 261-62, 103 P.3d 729 (2004). Because Markley brought her discrimination claim five years after the alleged discrimination occurred (between 2014 and her resignation in 2016), it is time-barred under both statutes.

Markley did not allege in her complaint, or at any point below, that the City violated RCW 9A.60.030—part of the Washington Criminal Code.[4]  She alleged in her complaint that she was "defrauded out of Charge of Discrimination 551-2016-01625 by Def. – City Light's HR division led by DaVonna Johnson, HR Officer."  Conclusory assertions and general complaints of fraudulent actions do not provide the "who, what, when, where, and how" required for a properly pleaded fraud claim.  *McAfee v. Select Portfolio Servicing, Inc.*, 193 Wn. App. 220, 233, 370 P.3d 25 (2016).

A fraud claim has nine elements: (1) a representation of existing fact (2) that is material (3) and false, (4) the speaker knows of its falsity, (5) intent to induce another to act, (6) ignorance of its falsity by the listener, (7) the latter's reliance on the truth of the representation, (8) his or her right to rely on it, and (9) consequent damages.  *Baker Boyer Nat'l Bank v. Foust*, 6 Wn. App. 2d 375, 381, n.4, 436 P.3d 382 (2018).  None of these elements can be identified from the allegations contained in the complaint.  Nor are the circumstances of the fraud clear from the complaint.  We presume, from her reliance on RCW 9A.60.030, that she believes the City fraudulently induced her to sign her letter of resignation.  But she does not allege that she submitted her resignation against her will or explain how signing a letter of resignation deprived her of the ability to pursue a discrimination claim against the City.  Markley's complaint is thus insufficient under CR 9(b) and the trial court did not err in dismissing her fraud claim.

---

[4] RCW 9A.60.030 makes it a crime to obtain a signature by deception or duress or with the intent to defraud.  Obtaining a signature by deception or duress is a Class C felony.

But dismissing a claim based on insufficient pleading should be granted without prejudice. "Ordinarily, a court will enter a dismissal with prejudice only if a dismissal without prejudice would be pointless." *Elliot Bay Adjustment Co., Inc. v. Dacumos*, 200 Wn. App. 208, 212, 401 P.3d 473 (2017). The City argues that dismissal with prejudice was appropriate because it was clear from the complaint that Markley was unable to plead any set of facts stating a claim for fraud and it is "undisputed" that Markley was aware of all relevant facts concerning her fraud claim in 2016. But this argument does not comport with the permissive hypothetical facts standard we apply under CR 12(b)(6).

Although the connection between Markley's fraud claim and her 2016 EEOC charge is nebulous at best, she alleged both below and on appeal that the City fraudulently obtained her signature on a letter of resignation and that she did not discover this fraud until October 2019. As doubtful as it might be that Markley will be able to substantiate these allegations, the City has not shown that dismissal without prejudice would be pointless. We therefore affirm the dismissal of the fraud claim, but reverse in part the dismissal with prejudice. We remand to the trial court to enter an order of dismissal of the fraud claim without prejudice.

Andrus, C.J.

WE CONCUR:

Smith, A.C.J.

Mann, J.

- 6 -