**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHANTEL MITCHELL, | No. 24-292 |
| Plaintiff - Appellant, | D.C. No. 3:22-cv-00183-SLG-KFR |
| v. | |
| OFFICE DEPOT, INC., | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

Submitted July 14, 2025**

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Chantel Mitchell appeals pro se from the district court's judgment dismissing her employment action alleging discrimination claims under federal law. We have jurisdiction under 28 U.S.C. § 1291. "We review a district court's ruling that a Title VII action is barred by the statute of limitations de novo." *Payan*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007). We affirm.

The district court properly dismissed Mitchell's action because Mitchell filed her complaint more than ninety days after she received a "Right to Sue" letter from the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e-5(f)(1); *see also Scholar v. Pac. Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992) ("The requirement for filing a Title VII civil action within 90 days from the date EEOC dismisses a claim constitutes a statute of limitations."). While the ninety-day deadline is subject to equitable tolling, Mitchell has not established that (1) "[she] has been pursuing [her] rights diligently," and (2) "some extraordinary circumstance stood in [her] way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Mitchell gives two excuses for filing late: she contracted COVID-19 during the ninety-day period and she miscounted when the ninety days expired. Given that Mitchell had seventy-five days to prepare her complaint before she tested positive for COVID-19, and returned to work five days later, her failure to timely file constitutes "a garden variety claim of excusable neglect" to which the equitable tolling doctrine does not apply. *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990).

**AFFIRMED.**