**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BOB RHODES, an individual, | No. 11-17726 |
| Plaintiff - Appellant, | D.C. No. 4:10-cv-00625-RCC-CRP |
| v. | |
| RAYTHEON COMPANY, a Delaware corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted October 17, 2013[**]
San Francisco, California

Before: THOMAS and McKEOWN, Circuit Judges, and KENDALL, District
Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Virginia M. Kendall, District Judge for the U.S.
District Court for the Northern District of Illinois, sitting by designation.

Bob Rhodes appeals the district court's decision to dismiss his action against Raytheon Co. for failure to file the complaint within ninety days of receiving a second Equal Employment Opportunity Commission ("EEOC") right-to-sue notice. 42 U.S.C. § 2000e-5(f)(1). Because the parties are familiar with the facts and procedural history of the case, we need not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I

The district court correctly calculated the statute of limitations period applicable to Rhodes' claim. 42 U.S.C. § 2000e-5(f)(1) requires a claimant to file a civil law suit "within ninety days" of receiving a right-to-sue notice from the EEOC. The statute of limitations begins to run from the date on which a right-to-sue letter is delivered to either the claimant or his attorney, whichever comes first. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92-93 (1990). If a recipient is not sure when the notice arrived, we presume both that it was mailed on its date of issue and that it arrived three days later, including weekends. *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1123-26 (9th Cir. 2007).

Here, the second right-to-sue notice was issued, and therefore presumptively mailed, on July 16, 2010. Rhodes avers he received the second right-to-sue notice on July 22, 2010. His attorney does not know when it arrived at his office because

he was away from the office. Because his attorney does not know when the notice arrived, the district court properly applied the *Payan* presumption to find that it arrived on July 19, 2010. Accounting for the ninetieth day falling on a Sunday, the deadline was Monday, October 18, 2010. Fed. R. Civ. P. 6(a)(1)(C). Thus, his October 19, 2010 complaint was filed one day late.

The *Payan* presumption is rebuttable, but generally only by evidence that "receipt was delayed beyond the presumed period." *Payan*, 495 F.3d at 1126. On the contrary, courts reject "general claims that mail is sometimes delayed." *Id.* Rhodes attempts to rebut the *Payan* presumption by arguing that his attorney did not technically receive the notice until July 29, 2010, because he was away when the notice arrived.

The district court properly determined that Rhodes failed to rebut the *Payan* presumption. Although his attorney was away when the notice arrived, receipt occurs when the notice is delivered, not when the recipient actually sees it. *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997) ("The language of the statute establishes the 90-day period as running from the giving of such notice rather than from the date claimant actually receives notice in hand." (internal quotation marks omitted)).

Rhodes's remaining claims are without merit. He contends that sending a right-to-sue notice to his attorney without the accompanying correspondence violates 29 C.F.R. § 1614.605(d). However, that regulation governs federal sector employment discrimination and does not apply to this case. He complains for the first time on appeal that the right-to-sue notice was sent by regular mail instead of certified mail. Because Rhodes did not raise this issue in the district court proceedings, we will not consider it. *See Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir. 1985). Finally, because the suit is time-barred even if the second right-to-sue notice controls, we need not address Raytheon's argument that the first notice controls.

For all these reasons, we conclude that the district court properly applied the *Payan* three-day mailing presumption to this case.

II

The district court did not abuse its discretion in denying Rhodes the benefit of equitable tolling. *See Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1175 (9th Cir. 2000) (describing standard of review), *overruled on other grounds by Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1194-96 (9th Cir. 2001) (en banc).

4

Equitable tolling is applied in extreme cases only, such as "when the EEOC's notice of the statutory period was clearly inadequate." *Scholar v. Pac. Bell*, 963 F.2d 264, 267-68 (9th Cir. 1992). Courts generally do not apply equitable tolling "when a late filing is due to [a] claimant's failure to 'exercise due diligence in preserving his legal rights.'" *Id.* at 268 (quoting *Irwin*, 498 U.S. at 96). Rhodes argues the EEOC's notice was "clearly inadequate" because it handled his case in a confusing manner, with multiple notices sent to his former address, and had implied that it would send him a third right-to-sue letter.

However, each of the two right-to-sue notices from the EEOC clearly informed Rhodes of the deadline for him to file suit. Each notice also went to his attorney. His attorney communicated with the EEOC regarding a third right-to-sue notice, but learned by August 13, 2010 that no third notice was forthcoming. That left Rhodes sixty-six days within which to file suit and Rhodes has not shown why that amount of time was insufficient. The district court did not abuse its discretion in declining to apply equitable tolling.

**AFFIRMED.**

5