**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BOB RHODES, an individual, | No.   15-16052 |
| Plaintiff-Appellant, | D.C. No. 4:10-cv-00625-RCC |
| v. | |
| RAYTHEON CO., a Delaware corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief Judge, Presiding

Submitted January 8, 2016[**]
San Francisco, California

Before: THOMAS, Chief Judge, McKEOWN, Circuit Judge, and KENDALL,[***]
District Judge.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

Bob Rhodes appeals the district court's denial of his motion for reconsideration under Federal Rule of Civil Procedure 60(b)(6). Because the parties are familiar with the facts and procedural history of this case, we need not recite them here. We affirm.

We review an order denying a Rule 60(b)(6) motion for abuse of discretion. *Washington v. Ryan*, — F.3d —, 2016 WL 4269871, at *3 (9th Cir. Aug. 15, 2016) (en banc) (citing *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004)). Relief under Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citations and quotation marks omitted). In addition, a

motion for reconsideration "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1).

The district court did not abuse its discretion when it denied Rhodes's motion for reconsideration. Rhodes sought reconsideration on the basis of a sworn declaration that he obtained from an EEOC enforcement official during the pendency of his first appeal. *See Rhodes v. Raytheon Co.*, 555 F. App'x 665 (9th Cir. 2014) ("*Rhodes I*"). We denied his motion to supplement the record during the appeal. Rhodes took no further action with respect to the declaration until six months after the mandate issued in *Rhodes I*.[1] Even assuming that Rhodes can show that he suffered an injury, he has not demonstrated that there were circumstances beyond his control that prevented him from acting sooner on the affidavit once appellate proceedings had concluded. *See Washington*, — F.3d —, 2016 WL 4269871, at *11 (noting that relief under Rule 60(b)(6) requires a showing that the moving party was affected by "external, extraordinary circumstances" and was "faultless in the delay" (citations and quotation marks omitted); *Harvest*, 531 F.3d at 749.

---

[1] Rhodes filed his 60(b)(6) motion more than two years after first obtaining the sworn declaration.

The federal rules require that a 60(b)(6) motion be brought "within a reasonable time," Fed. R. Civ. P. 60(c), a standard that we have said "depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981). Here, Rhodes explains the peculiarities of how the EEOC handled his claim in 2010. But he offers no explanation for why the six months following the issuance of the mandate in *Rhodes I* were insufficient to act on the EEOC declaration. We do not decide whether six months from the issuance of the mandate was a "reasonable time" under these circumstances. Because Rhodes gives no reasons for the delay at all, on this record, we cannot say that the district court abused its discretion when it denied the motion as untimely.

It was also within the district court's discretion to determine that the declaration did not—on its own—amount to extraordinary circumstances in this case. As the district court noted, the sworn declaration, if true, would render the facts underpinning its original decision "unstable." But the sworn declaration does not dispositively rebut the *Payan* presumption that Rhodes's EEOC notice was mailed on its date of issue. *See Rhodes I*, 555 F. App'x at 667 (discussing *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1123–26 (9th Cir. 2007)).

4

Suggestive evidence does not compel the district court to grant 60(b)(6) relief. The district court might contemplate a totally different motion to reconsider if, for example, Rhodes furthered developed the information in the declaration and learned that his EEOC notice was *in fact* prepared after the agency's mail pickup time on the date of issue. Of course, that was not the situation facing the district court here.[2] On the record before the district court, it was within the court's discretion to deny relief.

We do not reach whether Rhodes should have filed his motion under one of the other provisions of Rule 60(b), because even if he were able to bring a 60(b)(6) motion, the district court was within its discretion to deny it. Further, because the district court's denial of Rhodes's motion to reconsider is dispositive in this matter, we need not—and do not—address any of the other arguments that Rhodes raises on appeal.

**AFFIRMED**

---

[2] Any distinct motion for reconsideration would also likely be denied as untimely without an explanation from Rhodes as to why he waited to act following the conclusion of proceedings in *Rhodes I*.